[Cite as *State ex rel. Bridge v. Franklin Cty. Court of Common Pleas*, 132 Ohio St.3d 494, 2012-Ohio-3327.]

THE STATE EX REL. BRIDGE, APPELLANT, *v.* FRANKLIN COUNTY

COURT OF COMMON PLEAS ET AL., APPELLEES.

[Cite as *State ex rel. Bridge v. Franklin Cty. Court of Common Pleas*,

132 Ohio St.3d 494, 2012-Ohio-3327.]

*Court of appeals' judgment denying request for writ of prohibition affirmed—*
*Municipal court was under no duty to dismiss the small-claims cases*
*merely because the claims in the separate cases, when aggregated,*
*exceeded the monetary jurisdiction of the small-claims division of the*
*municipal court.*

(No. 2012-0206—Submitted July 11, 2012—Decided July 25, 2012.)

APPEAL from the Court of Appeals for Franklin County,

No. 11AP-140, 2011-Ohio-6561.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals denying the request of appellant, William W. Bridge III, for a writ of prohibition to prevent appellees, Franklin County Court of Common Pleas and Judge Richard S. Sheward, from exercising jurisdiction in *Speeds Elec. Serv., Inc. v. Nations Constr., L.L.C.*, Franklin C.P. No. 07 CVH-07-9820.

{¶ 2} Appellees do not patently and unambiguously lack jurisdiction in the underlying case, which was transferred to the common pleas court by the Franklin County Municipal Court. "[W]ithout a patent and unambiguous lack of jurisdiction, a court possessed of general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal." *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 19. The municipal court was under no duty to dismiss the

small-claims cases, which it subsequently transferred to the common pleas court, merely because the claims in the separate cases, when aggregated, exceeded the monetary jurisdiction of the small-claims division of the municipal court. *See* R.C. 1925.02(A)(1) ("a small claims division established under section 1925.01 of the Revised Code has jurisdiction in civil actions for the recovery of taxes and money only, for amounts not exceeding three thousand dollars, exclusive of interest and costs"). Thus, Bridge's reliance on *State ex rel. Natl. Emp. Benefit Servs., Inc. v. Cuyahoga Cty. Court of Common Pleas*, 49 Ohio St.3d 49, 550 N.E.2d 941 (1990), and *Lance Langan Water Jetting, Inc. v. Tiger Gen., Inc.*, 9th Dist. No. 05CA0018-M, 2005-Ohio-4541, which each involved a single case that the municipal court lacked jurisdiction over, is misplaced.

{¶ 3} Moreover, res judicata barred Bridge from filing a successive prohibition action when he could have raised his claims in his previous prohibition action. *Hughes v. Calabrese*, 95 Ohio St.3d 334, 2002-Ohio-2217, 767 N.E.2d 725, ¶ 12.

{¶ 4} Therefore, the court of appeals properly denied Bridge's claim for extraordinary relief in prohibition, and we affirm the court's judgment.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

William W. Bridge III, pro se.

_____