THE STATE EX REL. NEWELL, APPELLANT, *v.* GAUL, JUDGE, APPELLEE.

[Cite as *State ex rel. Newell v. Gaul*, 135 Ohio St.3d 187, 2013-Ohio-68.]

*Mandamus—Mandamus sought to compel trial court to revise entry issued after remand to comply with Crim.R. 32(C)—Crim.R. 32(C) inapplicable because court of appeals had not remanded cause to common pleas court for resentencing—Court of appeals' judgment denying claim for writ of mandamus affirmed.*

(No. 2012-1585—Submitted January 9, 2013—Decided January 17, 2013.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 98326, 2012-Ohio-4068.

_____

**Per Curiam.**

**{¶ 1}** We affirm the judgment denying the claim of appellant, Timothy Newell, for a writ of mandamus to compel appellee, Cuyahoga County Court of Common Pleas Judge Daniel Gaul, to amend or revise his June 26, 1996 entry modifying Newell's convictions and sentences so that it complies with Crim.R. 32(C). Newell cannot establish his entitlement to the requested extraordinary relief, because in *State v. Newell*, 8th Dist. Nos. 40334 and 40335, 1980 WL 354496, *2, the court of appeals reversed several of Newell's convictions and sentences but left Newell's remaining convictions and sentences undisturbed. Although the court of appeals directed the common pleas court to execute its judgment, *id.* at *3, it did not remand the cause to the common pleas court for resentencing. *See* App.R. 12(B) ("When the court of appeals determines that the trial court committed error prejudicial to the appellant and that the appellant is entitled to have judgment or final order rendered in his favor as a matter of law,

the court of appeals shall reverse the judgment or final order of the trial court and render the judgment or final order that the trial court should have rendered, or remand the cause to the court with instructions to render such judgment or final order"). Under these circumstances, Crim.R. 32(C) is inapplicable.

{¶ 2} Moreover, res judicata bars Newell from raising his claim that Judge Gaul's June 26, 1996 entry modifying his convictions and sentences failed to comply with Crim.R. 32(C) when he could have raised it in his prior mandamus case to correct his sentence or in his appeal to this court from the court of appeals' judgment. *See State ex rel. Newell v. Cuyahoga Cty. Court of Common Pleas*, 77 Ohio St.3d 269, 673 N.E.2d 1299 (1997); *see also Hughes v. Calabrese*, 95 Ohio St.3d 334, 2002-Ohio-2217, 767 N.E.2d 725, ¶ 12 ("Res judicata bars the litigation of all claims that either were or might have been litigated in a first lawsuit"); *State ex rel. Bridge v. Franklin Cty. Court of Common Pleas*, 132 Ohio St.3d 494, 2012-Ohio-3327, 974 N.E.2d 102, ¶ 3 (res judicata barred petitioner from filing a successive writ action when he could have raised his claims in his previous writ action).

{¶ 3} Finally, "any order to comply with Crim.R. 32(C) to correct a clerical error in his original sentencing entry would not constitute a final, appealable order from which a new appeal may be taken." *State ex rel. Compton v. Sutula*, 132 Ohio St.3d 35, 2012-Ohio-1653, 968 N.E.2d 476, ¶ 3.

{¶ 4} Therefore, the court of appeals did not err in denying the writ, and we affirm that judgment.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Timothy Newell, pro se.

2

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

_____