[Cite as *State v. Hoyle*, 2013-Ohio-1526.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26589 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| LARRY J. HOYLE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 87 01 0023(B) |

DECISION AND JOURNAL ENTRY

Dated: April 17, 2013

HENSAL, Judge.

{¶1} Larry Hoyle appeals an order of the Summit County Court of Common Pleas denying his motion for resentencing and to issue a final appealable order. For the following reasons, this Court affirms.

I.

{¶2} In 1987, a jury found Mr. Hoyle guilty of aggravated murder, and the trial court sentenced him to life imprisonment. This Court upheld his conviction on appeal. In 1989, Mr. Hoyle petitioned for post-conviction relief, but the trial court denied his petition. Mr. Hoyle did not appeal its decision.

{¶3} In July 2012, Mr. Hoyle moved for resentencing and for the court "to issue a final appealable order." He argued that his sentence did not comply with Criminal Rule 32(C) because it did not indicate that he was found not guilty of kidnapping. He also argued that the trial court was not allowed to sentence him to life in prison without the possibility of parole. The

State opposed his motion, arguing that a sentencing entry does not have to journalize acquittals and that Mr. Hoyle could have challenged the length of his sentence on direct appeal. The trial court denied Mr. Hoyle's motion. He has appealed, assigning as error that the court incorrectly concluded that his sentence complies with Criminal Rule 32(C).

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY NOT GRANTING HOYLE'S MOTION FOR RESENTENCING BECAUSE THE PURPORTED JUDGMENT OF CONVICTION DOES NOT COMPLY WITH CRIM. R. 32(C) AND *STATE V. BAKER*, 119 OHIO ST. 3D 197, 893 N.E. 2D 163 (2008).

{¶4} Mr. Hoyle argues that the trial court's sentencing entry deviates from Criminal Rule 32(C) because it does not mention his acquittal for kidnapping or his initial plea to the charges. He also argues that the sentence it imposes is "contrary to law and excessive." He further argues that the entry "does not designate a legal sentence for [him] to serve." He, therefore, asserts that the sentencing entry is not a final, appealable order and that he is entitled to resentencing.

{¶5} Under Criminal Rule 32(C), "[a] judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence. * * * The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk." In *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, the Ohio Supreme Court explained that, under the rule, "[a] judgment of conviction is a final order * * * when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *Id*. at paragraph one of the syllabus. If a sentencing entry does not comply with Criminal Rule 32(C), either party "may obtain a correction to the judgment entry by a motion filed with the trial court

to correct the judgment of conviction." *Id* at ¶ 16, citing Crim.R. 36, 47, 57(B) & Civ.R. 7(B). The trial court, therefore, had authority to consider Mr. Hoyle's motion.

{¶6} Regarding Mr. Hoyle's argument that the sentencing entry is invalid because it does not include his plea, the Ohio Supreme Court has explained that the "plea" that is referred to in the rule is "a plea of guilty upon which the court bases the conviction and not the plea at arraignment that is not a basis for the defendant's conviction." *Lester* at ¶ 13. In this case, Mr. Hoyle did not plead guilty to aggravated murder. Instead, he was convicted because a jury found him guilty of the offense. The sentencing entry indicates that a jury found Mr. Hoyle guilty of aggravated murder. It, therefore, complies with the requirement that the sentencing entry set forth the "fact of the conviction." *Id*. at ¶ 14.

{¶7} Regarding Mr. Hoyle's argument that the sentencing entry does not provide that he was acquitted of kidnapping, the Supreme Court has held that a sentencing entry "does not require a reiteration of those counts * * * for which there were no convictions, but were resolved in other ways, such as dismissals, nolled counts, or not guilty findings." *State ex rel. Davis v. Cuyahoga County Court of Common Pleas*, 127 Ohio St.3d 29, 2010-Ohio-4728, ¶ 2, quoting *State ex rel. Davis v. Cuyahoga County Court of Common Pleas*, 8th Dist. No. 93814, 2010-Ohio-1066, ¶ 8. The sentencing entry, therefore, did not have to provide that the jury found him not guilty of kidnapping. *See State v. Zaffino*, 9th Dist. No. 26056, 2012-Ohio-1176, ¶ 8.

{¶8} Mr. Hoyle's remaining argument is that his sentence is invalid because the trial court did not have authority to sentence him to life imprisonment without the possibility of parole for the offense of aggravated murder. Unlike his other arguments, he fails to explain how an error in the length of his sentence makes the court's sentencing entry deficient under Criminal Rule 32(C). Accordingly, he did not have authority to raise this issue pursuant to the procedure

for correcting a journal entry of conviction recognized in *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, ¶ 16. Rather, we agree with the trial court that this is an issue that Mr. Hoyle could have raised on direct appeal, and, therefore, it is barred as an unauthorized attempt to file a successive petition for post-conviction relief. R.C. 2953.23(A).

{¶9} Mr. Hoyle has not established that the trial court's sentencing entry is deficient under Criminal Rule 32(C). Accordingly, he is not entitled to resentencing. Mr. Hoyle's assignment of error is overruled.

III.

{¶10} The trial court correctly denied Mr. Hoyle's motion for resentencing and to issue a final appealable order. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                      _____

                                      JENNIFER HENSAL
                                      FOR THE COURT

MOORE, P. J.
<u>CONCURS.</u>

CARR, J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

{¶11} While I agree that the trial court's judgment should be affirmed, I would do so solely on the basis that Hoyle is barred at this time from raising Crim.R. 32(C) issues under the doctrine of res judicata. *State ex rel. Newell v. Gaul*, Slip Opinion No. 2013-Ohio-68, at ¶ 2. As the issues Hoyle raises would have been apparent at the time of his direct appeal, he is now barred from litigating those issues in a subsequent proceeding. *Id*.

<u>APPEARANCES:</u>

LARRY J. HOYLE, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.