[Cite as *State v. Morris*, 2013-Ohio-5485.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

TRUMBULL COUNTY, OHIO


| STATE OF OHIO, | : | **O P I N I O N** |
| | | |
| Plaintiff-Appellee, | : | |
| | | CASE NO. 2013-T-0019 |
| - vs - | : | |
| | | |
| RYAN S. MORRIS, | : | |
| | | |
| Defendant-Appellant. | : | |


Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2008 CR 218.

Judgment: Affirmed.


*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Ryan S. Morris*, pro se, PID: A554174, Trumbull Correctional Institution, P.O. Box 901, Leavittsburg, OH 44430-0901 (Defendant-Appellant).


COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, Ryan S. Morris, appeals from the February 15, 2013 judgment of the Trumbull County Court of Common Pleas, denying his pro se "Motion to Vacate Void Judgment, Comply with Crim.R. 32(C), and Determine Jurisdiction."

{¶2} On April 30, 2008, appellant was indicted by the Trumbull County Grand Jury on five counts: count one, felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(2) and (D), with a firearm specification, in violation of R.C. 2941.145; count two, rape by fellatio, a felony of the first degree, in violation of R.C. 2907.02(A)(2) and (B), with a firearm specification; count three, rape by vaginal intercourse, a felony of the first degree, in violation of R.C. 2907.02(A)(2) and (B), with a firearm specification; count four, having weapons while under disability, a felony of the third degree, in violation of R.C. 2923.13(A)(3) and (B); and count five, assault on a peace officer, a felony of the fourth degree, in violation of R.C. 2903.13(A) and (C)(3).[1] Appellant entered a not guilty plea and the matter proceeded to a jury trial.

{¶3} Following the trial, the jury returned a verdict of guilty on count one, felonious assault with a firearm specification; guilty on count two, rape by fellatio, but not guilty of the firearm specification; not guilty on count three, rape by vaginal intercourse; guilty on count four, having weapons while under disability; and guilty on count five, assault on a peace officer.

{¶4} A sentencing hearing was held on September 30, 2008. On count one, felonious assault, the trial court sentenced appellant to two years in prison and three years on the firearm specification. On count two, rape, the court sentenced appellant to six years in prison. On count four, having weapons while under disability, the court sentenced appellant to one year in prison. Finally, on count five, assault on a peace officer, the court sentenced appellant to one year. The court ordered that all terms were to be served consecutively for a total of 13 years in prison.

1. The charges stemmed from an incident that occurred during a party in which appellant threatened a roomful of party-goers with a handgun, and proceeded to rape a female guest. Following his arrest, appellant spat on a police officer while being transported to the station.

{¶5} Appellant appealed his conviction, in Case No. 2008-T-0110, and asserted the following six assignments of error:

{¶6} "'[1.] The jury verdicts finding the Defendant-Appellant guilty are not supported by the weight of the evidence.

{¶7} "'[2.] The conviction for a violation of Ohio Rev. Code 2923.13 ("Having a weapon while under disability") violates the Defendant-Appellant's constitutional rights.

{¶8} "'[3.] The trial court erred to the prejudice of the Defendant-Appellant in overruling his motions for a directed verdict made in line with Ohio Rule of Criminal Procedure 29.

{¶9} "'[4.] The trial court erred to the prejudice of the Defendant-Appellant by excluding from evidence the DNA and its analysis from (Ms. M's) underwear.

{¶10} "'[5.] The trial court erred to the prejudice of the Defendant-Appellant when it denied his Motion to Sever Count 5 (Assault on a peace officer) from the remaining four charges.

{¶11} "'[6.] The Defendant-Appellant was denied his constitutional rights to the effective assistance of counsel.'"

{¶12} On November 13, 2009, this court affirmed the judgment of the trial court. *State v. Morris*, 11th Dist. No. 2008-T-0110, 2009-Ohio-6033 (O'Toole, J., concurring in part and dissenting in part) (concurring "with the balance of the majority's well-reasoned opinion," but dissenting "regarding appellant's convictions for the firearm specification to his felonious assault conviction, and for having a firearm while under disability," believing those convictions to be against the manifest weight of the evidence, because "the quality of the evidence presented was insufficient to show that the firearm in

3

question was ever operable.")  *Id.* at ¶131-132.  Appellant did not seek a discretionary appeal with the Supreme Court of Ohio.

{¶13}  Thereafter, on September 14, 2012, appellant filed a pro se "Motion to Vacate Void Judgment, Comply with Crim.R. 32(C), and Determine Jurisdiction."  The state opposed the motion on January 15, 2013.  On February 15, 2013, the trial court denied appellant's motion based upon the doctrine of res judicata.  Appellant filed the instant appeal, raising the following assignments of error for our review:

{¶14}  "[1.] Trial court lacked authority, and exceeds its jurisdiction when it used a un-journalized, non-final judgment of conviction as a element of the offense, and to charge, try, convict, and sentence for the charge of 'having weapons while under disability' pursuant to R.C. 2913.23.

{¶15}  "[2.] Trial court abused [its] discretion and violated due process when it failed to enter a judgment entry in compliance with *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163; and Crim.R. 32(C).

{¶16}  "[3.] Trial court was without subject [matter] jurisdiction over appellant because the indictment and subsequent pleadings, including the sentencing entries were not properly filed."

{¶17}  In his first assignment of error, appellant argues that his conviction on count four of the indictment was an "un-journalized, non-final judgment of conviction," and, therefore, the indictment did not contain a "disability" as an element of the offense.

**{¶18}** In his second assignment of error, appellant contends that the trial court erred in failing to enter a compliant judgment entry because his acquittal on count three was not listed and it did not contain a proper "time stamp" from the clerk's office.

**{¶19}** Because appellant's first and second assignments of error are interrelated, as they are both barred by the doctrine of res judicata, we will address them together.

**{¶20}** "[P]rinciples of *res judicata* prevent relief on successive, similar motions raising issues which were or could have been raised originally." *Brick Processors, Inc. v. Culbertson*, 2 Ohio App.3d 478, paragraph one of the syllabus (8th Dist.1981). Stated differently, any issues that were raised or could have been raised by a defendant at the trial court level or on direct appeal are res judicata and not subject to review in subsequent proceedings. *State v. Perry*, 10 Ohio St.2d 175, paragraph nine of the syllabus (1967); *State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, ¶6.

**{¶21}** With regard to appellant's first and second assignments of error, the doctrine of res judicata was properly applied by the court below in ruling on his pro se "Motion to Vacate Void Judgment, Comply with Crim.R. 32(C), and Determine Jurisdiction." Appellant takes issue with the indictment and the manner in which it was filed. However, alleged errors dealing with indictments and whether they were correctly filed must be raised on direct appeal or the matter becomes res judicata in subsequent proceedings. *State v. Martin*, 7th Dist. Mahoning No. 12 MA 167, 2013-Ohio-2881, ¶10, citing *Payne v. Jeffreys*, 109 Ohio St.3d 239, 2006-Ohio-2288, ¶5. Since appellant had the opportunity to raise any purported infirmities concerning the indictment in his direct appeal, but failed to do so, the matter is res judicata.

{¶22} Appellant also takes issue with the sentencing entry, indicating that his acquittal on count three was not listed and it did not contain a proper "time stamp." However, because appellant could have, but did not, raise these issues regarding the sentencing entry in his direct appeal, they are now barred by res judicata. *State v. Ott*, 11th Dist. Portage No. 2012-P-0010, 2012-Ohio-4471, ¶17-18; *State v. Richardson*, 10th Dist. Franklin No. 12AP-640, 2013-Ohio-292, ¶10; *State v. Brooks*, 8th Dist. Cuyahoga No. 98380, 2012-Ohio-5292, ¶8; *see also State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas,* 127 Ohio St.3d 29, 2010-Ohio-4728, ¶2, quoting *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas*, 8th Dist. Cuyahoga No. 93814, 2010-Ohio-1066, ¶8 (indicating that the holding in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, syllabus, "'requires a full resolution of those counts *for which there were convictions*.'" (Emphasis sic.) A sentencing entry "'does not require a reiteration of those counts and specifications for which there were no convictions, but were resolved in other ways, such as dismissals, nolled counts, or not guilty findings'"); *State ex rel. Newell v. Gaul*, 135 Ohio St.3d 187, 2013-Ohio-68, ¶2 (holding that an appellant is barred from raising Crim.R. 32(C) issues under the doctrine of res judicata.)

{¶23} Accordingly, appellant's arguments contained in his first and second assignments of error are barred by res judicata.

{¶24} Appellant's first and second assignments of error are without merit.

{¶25} In his third assignment of error, appellant alleges that the trial court was without subject matter jurisdiction over him because the indictment and subsequent pleadings, including the sentencing entries, were not properly filed.

6

{¶26} In his pro se "Motion to Vacate Void Judgment, Comply with Crim.R. 32(C), and Determine Jurisdiction," appellant argued, inter alia, that subject matter jurisdiction was lacking because the clerk did not "indorse" various documents with the requisite "time stamp." Unlike appellant's claims under his first and second assignments of error, appellant's assertion under his third assignment, involving subject matter jurisdiction, is not barred by the doctrine of res judicata, because "'subject-matter jurisdiction cannot be waived.'" *State v. Perri*, 11th Dist. Portage No. 2009-P-0014, 2009-Ohio-6153, ¶21, quoting *State v. Lomax*, 96 Ohio St.3d 318, 2002-Ohio-4453, ¶17.

{¶27} The trial court should have considered appellant's argument regarding jurisdiction, since it was not barred by the doctrine of res judicata. *See Perri*, *supra,* at ¶24. However, for the following reasons, we conclude that the trial court's failure to consider this argument on its merits does not constitute error requiring reversal. *Id.*

{¶28} Appellant specifically argues that the trial court had no jurisdiction to hear his case because there was a failure to strictly comply with R.C. 2303.08, which requires, inter alia, that the clerk "indorse" a document with "the time of filing."

{¶29} R.C. 2303.08 states in part:

{¶30} "The clerk of the court of common pleas shall indorse on each pleading or paper in a cause filed in the clerk's office the time of filing, enter all orders, decrees, judgments, and proceedings of the courts of which such individual is the clerk, make a complete record when ordered on the journal to do so, and pay over to the proper parties all moneys coming into the clerk's hands as clerk."

7

**{¶31}** We note that the Supreme Court of Ohio has rejected the same "time of filing" argument advanced by appellant, and has held:

**{¶32}** "We observe, however, that the filing of a document does not depend on the performance of a clerk's duties. A document is 'filed' when it is deposited properly for filing with the clerk of courts. The clerk's duty to certify the act of filing arises only after a document has been filed. This is implicit in the statutes and rules regarding filing. *See* R.C. 1901.31, 2303.08, 2303.10, and 2303.31, and Sup.R. 26.05 and 44. For instance, Sup.R. 44(E) provides that "'(f)ile" means to deposit a document with a clerk of court, *upon the occurrence of which* the clerk time or date stamps and dockets the document.' (Emphasis added.) Thus, a party 'files' by depositing a document with the clerk of court, and then the clerk's duty is to certify the act of filing. In short, the time or date stamp does not cause the filing; the filing causes the certification.

**{¶33}** "This court has long recognized the difference between filing and certification of filing by the clerk. * * * Furthermore, *when a document is filed, the clerk's failure to file-stamp it does not create a jurisdictional defect. State v. Otte* (2002), 94 Ohio St.3d 167, 169 * * *, citing *State ex rel. Larkins v. Baker* (1995), 73 Ohio St.3d 658 * * *. That the clerk's duties were not carried out properly in this case does not mean that the complaint was not, in fact, filed." *Zanesville v. Rouse*, 126 Ohio St.3d 1, 2010-Ohio-2218, ¶7-8 (vacated in part on other grounds.) (Emphasis added.)

**{¶34}** Thus, although appellant bases his argument that the failure to "time stamp" various documents divests the trial court of jurisdiction to hear a criminal case, the Supreme Court of Ohio has held the opposite. Appellant fails to cite to any authority

in support of his specific allegation. We conclude that the record here does not reveal any document irregularity or jurisdictional defect.

**{¶35}** Appellant's third assignment of error is without merit.

**{¶36}** For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Trumbull County Court of Common Pleas is affirmed. The court finds there were reasonable grounds for this appeal.

TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.