**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Smith v. Winkler,* **Slip Opinion No. 2014-Ohio-5198.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-5198

THE STATE EX REL. SMITH, APPELLANT, *v.* WINKLER, CLERK, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Smith v. Winkler,* **Slip Opinion No. 2014-Ohio-5198.]**

*Mandamus—Relator seeks to compel clerk of courts to file-stamp sentencing entry—Writ denied.*

(No. 2014-0185—Submitted November 18, 2014—Decided November 26, 2014.)

APPEAL from the Court of Appeals for Hamilton County, No. C-130773.

_____

**Per Curiam.**

{¶ 1}  Appellant, Courtney Smith, appeals the dismissal of his petition for a writ of mandamus.  For the following reasons we affirm.

{¶ 2}  Smith was found guilty of several offenses in 2004.  He filed an appeal and apparently several other actions based on that judgment.  *See, e.g., State v. Smith,* 1st Dist. Hamilton No. C-040348, 2005-Ohio-1325 (direct appeal).  He filed a complaint for a writ of mandamus in the court of appeals, seeking to

compel the Hamilton County Clerk of Courts[1] to file-stamp the original sentencing entry. He claimed that the entry was never file-stamped and therefore is not a final, appealable order. The court of appeals dismissed the action by entry on December 31, 2013.

**{¶ 3}** We reject Smith's claim for two reasons.

**{¶ 4}** First, Smith actually appealed his convictions, and he successfully argued that his sentencing was deficient in that the court failed to advise him of the possibility of postrelease control. 2005-Ohio-1325, ¶ 22-23. Presumably, a new entry was issued correcting the deficiency and superseding the 2004 entry, although no party here has provided a copy. In any case, having successfully appealed the 2004 sentence, Smith cannot now claim that the entry was not final and appealable.

**{¶ 5}** Second, Smith has failed to show that the time stamp was inadequate. We have held that "a judgment of conviction is a final order subject to appeal under R.C. 2505.02 when the judgment entry sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 14. What appears on the entry is a stamped box containing the printed words "Entered Date" and "Image," next to which the date and image number have been written by hand.

**{¶ 6}** Smith argues that this method does not constitute a file stamp by the clerk. But he points to no case requiring the time stamp to be exclusively mechanical and without a handwritten date. One case he cites is inapposite because it involves a file folder containing handwritten notes by the judge, one of which had a date "11-13-07." There was no indication that anything in the folder had been journalized, i.e., there was no time stamp at all. The case did not

---

[1] Smith's complaint named as respondent John M. Williams, a former Hamilton County Clerk of Courts. We have substituted the current Clerk, Tracy Winkler, as respondent.

involve a file stamp with a handwritten date notation as we have here. *State v. Charlton*, 9th Dist. Summit No. 24035, 2008-Ohio-3771. Another, *State v. Domers*, 61 Ohio St.3d 592, 575 N.E.2d 832 (1991), likewise does not apply because it states only that the entry was not file-stamped; it gave no indication whether the stamp was missing altogether or was inadequate in some way.

**{¶ 7}** Smith has not shown that the 2004 entry was not file-stamped and was not a final, appealable order. We therefore affirm.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Courtney Smith, pro se.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Judith Anton Lapp, Assistant Prosecuting Attorney, for appellee.

_____