**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Woods v. Dinkelacker,* Slip Opinion No. 2017-Ohio-9124.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-9124

THE STATE EX REL. WOODS, APPELLANT, *v.* DINKELACKER, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Woods v. Dinkelacker,* Slip Opinion No. 2017-Ohio-9124.]**

*Mandamus—Writ of mandamus sought to compel trial court to issue new order of conviction and sentence—Claim barred by res judicata—Court of appeals' dismissal of petition affirmed.*

(No. 2017-0536—Submitted September 26, 2017—Decided December 21, 2017.)

APPEAL from the Court of Appeals for Hamilton County,

No. C-170098.

_____

**Per Curiam.**

{¶ 1} Appellant, Jeffery Woods, a.k.a. Jeffrey Woods, appeals the judgment of the First District Court of Appeals dismissing his petition for a writ of mandamus.  For the reasons below, we affirm.

**Background**

{¶ 2} In 1986, Woods was convicted of rape, attempted rape, aggravated robbery, and robbery and sentenced to concurrent prison terms. Woods appealed, and the First District Court of Appeals affirmed.[1] *State v. Woods*, 1st Dist. Hamilton Nos. C-860576 and C-870179, 1987 WL 12463 (June 10, 1987).

{¶ 3} According to his mandamus petition, in 2014, Woods filed a motion in the trial court, seeking to correct his 1986 sentencing entry. He argued that the entry was void because the trial judge had not signed it. The trial court overruled the motion, and the court of appeals affirmed. In its decision, the court of appeals held that "the [1986] judgments satisfied the requirements for a 'judgment of conviction' then set forth in Crim.R. 32(B) (now, Crim.R. 32(C))." *State v. Woods*, 1st Dist. Hamilton C-140606 (Aug. 12, 2015).

{¶ 4} In March 2017, Woods filed a petition for a writ of mandamus in the First District Court of Appeals. He sought an order compelling the trial court to issue a final, appealable order for his 1986 convictions and sentence. Woods again argued that the 1986 judgment entry was unsigned and therefore void.

{¶ 5} Judge Dinkelacker filed a motion to dismiss, which the court of appeals granted. According to the court of appeals, the trial court's 1986 judgment was a final judgment. Woods's appeal from the judgment granting the motion to dismiss is before us.

**Analysis**

{¶ 6} A judgment entry is not "a final order subject to appeal under R.C. 2505.02" unless it includes "the judge's signature." *State v. Lester*, 130 Ohio St.3d

---

[1] Woods later filed unsuccessful petitions for state postconviction relief, state habeas corpus relief, and federal habeas corpus relief. *See State v. Woods,* 1st Dist. Hamilton No. C-010422, 2002 WL 971883 (Apr. 24, 2002) (denying state postconviction relief); *In re Woods*, 8th Dist. Cuyahoga No. 79467, 2001 WL 428624 (Apr. 26, 2001) (denying state habeas corpus relief); *Woods v. Warden, Marion Corr. Inst.*, S.D. Ohio No. 1:16-cv-922, 2017 WL 2841223 (July 3, 2017) (discussing Woods's multiple unsuccessful petitions for federal habeas corpus relief).

303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 14; *see also* Crim.R. 32(C). Woods points to the blank signature line on an uncertified copy of his 1986 judgment entry that he attached to his memorandum opposing the motion to dismiss his petition as proof that the judge did not sign the entry.

{¶ 7} But even accepting as true Woods's assertion that the entry was unsigned, res judicata bars him from raising his claim that the entry did not comply with Crim.R. 32. *See State ex rel. Newell v. Gaul*, 135 Ohio St.3d 187, 2013-Ohio-68, 985 N.E.2d 463, ¶ 2. In his petition, Woods acknowledges that he unsuccessfully raised the same argument in a 2014 motion to correct his sentence. *See Woods*, 1st Dist. Hamilton C-140606 (Aug. 12, 2015). Accordingly, he is barred from seeking the requested mandamus relief.

{¶ 8} We also deny Woods's motion for oral argument. Oral argument in a direct appeal is discretionary. S.Ct.Prac.R. 17.02(A). None of the factors we normally consider in granting a motion for oral argument exists in this case. *See State ex rel. Manley v. Walsh,* 142 Ohio St.3d 384, 2014-Ohio-4563, 31 N.E.3d 608, ¶ 16, citing *Appenzeller v. Miller,* 136 Ohio St.3d 378, 2013-Ohio-3719, 996 N.E.2d 919, ¶ 4, and cases cited therein.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

FISCHER and DEWINE, JJ., not participating.

————————

Jeffery Woods, pro se.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellee.

————————