[Cite as *State v. Gonzales*, 2021-Ohio-680.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-190344 | |
| | | C-190345 | |
| Plaintiff-Appellee, | : | TRIAL NOS. B-9808445A | |
| | | B-0103969 | |
| vs. | : | | |
| ALEXANDER GONZALES, | : | *O P I N I O N.* | |
| Defendant-Appellant. | : | | |

Criminal Appeals From:  Hamilton County Court of Common Pleas

Judgments Appealed From Are:  Affirmed as Modified

Date of Judgment Entry on Appeal:  March 10, 2021

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Patituce & Associates LLC* and *Kimberly Kendall Corral,* for Defendant-Appellant.

Zᴀʏᴀs, **Presiding Judge.**

{¶1} In these consolidated appeals, defendant-appellant Alexander Gonzales challenges the Hamilton County Common Pleas Court's judgments overruling the "Motion to Vacate Sentence" and "Motion to Vacate Convictions for Lack of Final Appealable Orders" filed in each case. We affirm the court's judgments.

*Procedural Posture*

{¶2} In 2001, Gonzales was convicted upon multiple counts of drug possession and trafficking charged in two indictments. He unsuccessfully challenged his convictions on direct appeal and in postconviction motions filed in 2002 and 2010. *State v. Gonzales*, 151 Ohio App.3d 160, 2002-Ohio-4937, 783 N.E.2d 903; *State v. Gonzales*, 1st Dist. Hamilton Nos. C-020743 and C-020744 (Oct. 1, 2003).

{¶3} In 2018, Gonzales filed in each case two motions. One sought correction of the postrelease-control portions of his sentences. And the other sought an order vacating his judgments of conviction on the ground that they did not comply with Crim.R. 32(C). In these appeals, he presents two assignments of error challenging the overruling of those motions.

*Motions to Vacate Sentences—Postrelease Control*

{¶4} In his "Motion[s] to Vacate Sentence[s]," Gonzales sought resentencing on the ground that his sentences were void to the extent that they were not imposed in conformity with the statutes governing the imposition of postrelease control. In his first assignment of error, he contends that the common pleas court erred in overruling those motions. The challenge is untenable.

{¶5} *Not reviewable under a postconviction statute or procedural rule.* Gonzales did not specify in his motions a statute or rule under which the relief sought may have been afforded. The common pleas court was thus left to "recast" the motions "into whatever category necessary to identify and establish the

criteria by which the motion[s] should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 and syllabus.

{¶6} But the motions were not reviewable under any statute or procedural rule. The motions were not reviewable under the standards provided by R.C. 2953.21 et seq., governing the proceedings upon a petition for postconviction relief, because the motions alleged a statutory, rather than a constitutional, violation. *See* R.C. 2953.21(A)(1) (requiring a postconviction petitioner to demonstrate a constitutional violation in the proceedings resulting in his conviction). Nor were the motions reviewable as motions for a new trial under Crim.R. 33 or motions to withdraw a guilty or no-contest plea under Crim.R. 32.1, because Gonzales was not convicted upon guilty or no-contest pleas, but following a trial, and the motions did not seek a new trial. The motions were not reviewable under R.C. Chapter 2731 as petitions for a writ of mandamus, under R.C. Chapter 2721 as declaratory judgment actions, or under R.C. Chapter 2725 as petitions for a writ of habeas corpus, because the motions did not satisfy those statutes' procedural requirements. *See* R.C. 2731.04, 2721.12(A), and 2725.04. And Crim.R. 57(B) did not require the common pleas court to entertain the motions under Civ.R. 60(B), because the postrelease-control portions of Gonzales's sentences were reviewable under the procedures provided for a direct appeal.

{¶7} *Not void.* A court always has jurisdiction to correct a void judgment. *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. And until the Ohio Supreme Court's May 2020 decision in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, the imposition of a sentence contrary to the postrelease-control statutes rendered that part of the sentence void and subject to review and correction at any time before completion of the prison term imposed for the offense. *See id.* at ¶ 27-40 (overruling *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984), and *State v. Jordan*, 104 Ohio

St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, and its progeny). But in *Harper*, the court "realign[ed]" its void-versus-voidable jurisprudence with "the traditional understanding of what constitutes a void judgment," to hold that "[w]hen a case is within a court's subject-matter jurisdiction and the accused is properly before the court, any error in the exercise of that jurisdiction in imposing postrelease control renders the court's judgment voidable," not void. *Id.* at ¶ 4-5 and 41-43.

{¶8} Article IV, Section 4(B), of the Ohio Constitution and R.C. 2931.03 confer upon a common pleas court subject-matter jurisdiction over felony cases. *See Harper* at ¶ 23-25 (noting that "[s]ubject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case"). And a court has jurisdiction over a person appearing before it under a valid indictment. *See Stacy v. Van Coren*, 18 Ohio St.2d 188, 189, 248 N.E.2d 603 (1969); *Page v. Green*, 174 Ohio St. 178, 178-179, 187 N.E.2d 592 (1963).

{¶9} Gonzales appeared before the trial court under indictments for felony drug offenses. And the trial court acted within its subject-matter jurisdiction in sentencing Gonzales for those offenses. Consequently, any error in imposing postrelease control rendered those parts of his sentences voidable, not void. Therefore, the postrelease-control portions of Gonzales's sentences were not subject to correction under the common pleas court's jurisdiction to correct a void judgment.

{¶10} *Not correctable under Crim.R. 36.* Finally, Crim.R. 36 provides that "[c]lerical mistakes in judgments * * * may be corrected by the court at any time." When the trial court provides the statutorily mandated postrelease-control notification at the sentencing hearing, but does not include postrelease control in the judgment of conviction, Crim.R. 36 empowers the court to correct the postrelease-control portion of the defendant's sentence by entry nunc pro tunc to the date of the original judgment. *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 13.

4

{¶**11**}  In sentencing Gonzales for his first-degree felony drug offenses, the trial court was required to notify him at the sentencing hearing that, upon his release from prison, he would be subject to a mandatory five-year period of postrelease-control.  And the court was required to impose in each judgment of conviction, as part of his sentences, the five-year period of postrelease control.  Instead, the court did not mention postrelease control at the sentencing hearing, and the judgments of conviction simply stated that "[a]s part of the sentence in this case, the defendant is subject to the post release [sic] control supervisions of R.C. 2967.28."

{¶**12**}  Because postrelease control was not mentioned at the sentencing hearing, the failure to include postrelease control in the judgments of conviction did not constitute a clerical error.  Thus, Crim.R. 36 did not confer upon the common pleas court jurisdiction to correct the postrelease-control portions of Gonzalez's sentences.

{¶**13**}  *No error in denying relief.*  The common pleas court had no jurisdiction to entertain Gonzales's "Motion[s] to Vacate Sentence[s]."  Therefore, the court did not err in denying the relief sought in those motions.  Accordingly, we overrule the first assignment of error.

*Motions to Vacate Convictions—Final Appealable Orders*

{¶**14**}  In his "Motion[s] to Vacate Convictions for Lack of Final Appealable Orders," Gonzales asked the common pleas court to vacate his 2001 judgments of conviction on the ground that the judgments did not satisfy Crim.R. 32(C)'s requirements for final appealable orders, when they did not include the "time stamp" of the clerk of courts.  In his second assignment of error, Gonzales challenges the overruling of those motions.  We find no merit to this challenge.

{¶**15**}  *No jurisdiction under the postconviction statutes.*  The motions did not designate a statute or rule under which the relief sought may have been afforded, thus leaving the common pleas court to determine the appropriate

standard for reviewing them. *Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 and syllabus. Under the postconviction statutes, R.C. 2953.21 et seq., a common pleas court may grant relief from a conviction upon proof of a constitutional violation during the proceedings resulting in that conviction. *See* R.C. 2953.21(A)(1); *State v. Powell*, 90 Ohio App.3d 260, 264, 629 N.E.2d 13 (1st Dist.1993). With his motions, Gonzalez sought relief from his convictions based on an alleged violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10, of the Ohio Constitution. *See Evitts v. Lucey*, 469 U.S. 387, 393, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) (explaining that when an appeal is an integral part of a state's system for finally adjudicating guilt or innocence, "the procedures used in deciding appeals must comport with the demands of the Due Process and Equal Protection Clauses of the Constitution"); *State v. Craig*, 159 Ohio St.3d 398, 2020-Ohio-455, 151 N.E.3d 574, ¶ 23 (citing *Evitts* for the proposition that the delay of an appeal occasioned by noncompliance with Crim.R. 32(C) "has possible due-process implications"). Therefore, the motions were reviewable under the standards provided by the postconviction statutes.

**{¶16}** But Gonzales filed his motions well after the time prescribed by R.C. 2953.21(A)(2) had expired. And he failed to satisfy the jurisdictional requirements for entertaining a late postconviction claim, when the record does not demonstrate that, but for the claimed constitutional deprivations, "no reasonable factfinder would have found [him] guilty of the offense[s] of which [he] was convicted." *See* R.C. 2953.23(A)(1)(b). Therefore, the postconviction statutes did not confer upon the common pleas court jurisdiction to entertain the motions.

**{¶17}** *Not void.* Nor could the common pleas court have vacated the judgments of conviction under its jurisdiction to correct a void judgment. *See Cruzado*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, at ¶ 18-19. Again, a

6

judgment is not void if it is entered by a court with personal and subject-matter jurisdiction. And the trial court acted with personal and subject-matter jurisdiction in entering the judgments convicting Gonzales upon jury verdicts finding him guilty of offenses charged in the indictments. *See State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 40, following *Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, at ¶ 4-6 and 41. *See also Zanesville v. Rouse*, 126 Ohio St.3d 1, 2010-Ohio-2218, 929 N.E.2d 1044, *judgment vacated in part on other grounds,* 126 Ohio St.3d 1227, 2010-Ohio-3754, 933 N.E.2d 260 (holding that the failure of the clerk of courts to file-stamp a document that has actually been filed with the clerk does not create a jurisdictional defect in that document); *accord State v. Brown*, 7th Dist. Mahoning No. 14 MA 37, 2014-Ohio-5832, ¶ 13-21; *State v. Morris*, 11th Dist. Trumbull No. 2013-T-0019, 2013-Ohio-5485.

{¶**18**} *No grounds for issuing revised judgments of conviction.* Finally, a trial court may, upon a defendant's motion, correct a judgment of conviction that does not comply with Crim.R. 32(C), by issuing a revised judgment of conviction. And the court's denial of that motion may be appealed. *See State ex rel. Daniels v. Russo*, 156 Ohio St.3d 143, 2018-Ohio-5194, 123 N.E.3d 1011.

{¶**19**} Crim.R. 32(C) provides that "[a] judgment of conviction shall set forth the fact of conviction and the sentence," and that "[t]he judge shall sign the judgment and the clerk shall enter it on the journal." In *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, the Supreme Court held that under Crim.R. 32(C), "[a] judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *Id.* at paragraph one of the syllabus.

{¶**20**} In his motions, Gonzales argued that his judgments of conviction did not constitute final appealable orders, because they did not satisfy *Lester*'s

requirement that they bear the "time stamp" of the clerk of courts. We conclude to the contrary, that there is nothing on the face of the challenged file-stamp to suggest that the substantive requirements of Crim.R. 32(C) or *Lester* had not been satisfied.

{¶21} The judgments of conviction each bore a stamped box showing that the judgment had been "Entered" on "Date 12-10-01" and docketed under "Image" number "375" in the case numbered B-9808445 and "Image" number "376" in the case numbered B-0103969. The dates and image numbers were handwritten. Each judgment of conviction appears in the transcript of the docket for each case, under the "Image" number assigned.

{¶22} This "method" of file-stamping a judgment of conviction was upheld by the Supreme Court in *State ex rel. Smith v. Winkler*, 143 Ohio St.3d 20, 2014-Ohio-5198, 34 N.E.3d 20. The court found no authority for requiring that the clerk's file stamp be "exclusively mechanical and without a handwritten date." *Id.* at ¶ 5-7.

{¶23} More to the point, the Supreme Court has expressly held that the file-stamp on a document filed with the clerk of courts need not state the hour of the day that it was filed, and that the requirements of Crim.R. 32(C) and *Lester* are satisfied by an entry that is stamped by the clerk with the date of filing. *State ex rel. Untied v. Ellwood*, 131 Ohio St.3d 37, 2011-Ohio-6343, 959 N.E. 2d 1048, ¶ 3, citing R.C. 2303.10 ("The clerk of the court of common pleas shall indorse upon every paper filed with him the date of the filing thereof * * * .") and Sup.R. 44(E) (" 'File' means to deposit a document with a clerk of court, upon the occurrence of which the clerk time *or date* stamps and dockets the document" (Emphasis added.)). *Accord State v. Caulton*, 7th Dist. Mahoning No. 12 MA 150, 2013-Ohio-2953, ¶ 21-22; *Rogers v. Fuerst,* 8th Dist. Cuyahoga No. 100670, 2014-Ohio-2774, ¶ 8-10.

{¶24} Finally, Gonzales timely appealed his convictions. Thus, as both an objective and subjective matter, the date stamps on his judgments of conviction must be said to have advanced the purpose of Crim.R. 32(C) of putting him on notice that

the App.R. 4(A) time for appealing his convictions had begun to run. *See Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, at ¶ 10 (declaring that "the purpose of Crim.R. 32(C) is to ensure that a defendant is on notice concerning when a final judgment has been entered and the time for filing an appeal has begun to run"); *Caulton* at ¶ 21-22 (citing *Lester*'s statement of Crim.R. 32(C)'s purpose to hold that a judgment of conviction "does not require a literal time-stamp in addition to the date stamp in order to be a final appealable order").

{¶25} *No error in denying relief.* The common pleas court had no jurisdiction to entertain Gonzales's "Motion[s] to Vacate Convictions for Lack of Final Appealable Orders." Therefore, the court did not err in denying the relief sought in those motions. Accordingly, we overrule the second assignment of error.

*Affirmed as Modified to Dismiss*

{¶26} The common pleas court properly declined to afford the relief sought in Gonzales's "Motion[s] to Vacate Sentence" and "Motion[s] to Vacate Convictions for Lack of Final Appealable Orders," because the court had no jurisdiction to afford that relief. Accordingly, upon the authority of App.R. 12(A)(1)(a), we modify the judgments overruling those motions to reflect dismissal of the motions. And we affirm those judgments as modified.

Judgments affirmed as modified.

**MYERS** and **CROUSE, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.