[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Woods v. Jenkins*, Slip Opinion No. 2024-Ohio-1753.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-1753

THE STATE EX REL. WOODS, APPELLANT, *v.* JENKINS, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Woods v. Jenkins*, Slip Opinion No. 2024-Ohio-1753.]**

*Mandamus—Writ sought to order trial court to vacate judgment of conviction because it was allegedly unsigned—Court of appeals properly determined that petition was barred by res judicata—Judgment affirmed.*

(No. 2023-1579—Submitted March 26, 2024—Decided May 9, 2024.)

APPEAL from the Court of Appeals for Hamilton County, No. C-220479.

_____

**Per Curiam.**

{¶ 1} Appellant, Jeffery Woods, filed a petition for a writ of mandamus in the First District Court of Appeals against appellee, Hamilton County Court of Common Pleas Judge Christian Jenkins (the "trial court"). Woods requests a writ ordering that his criminal conviction be vacated because, he alleges, the trial judge did not sign his judgment of conviction. The court of appeals granted summary

judgment to the trial court on res judicata grounds, and Woods appeals that judgment. We affirm the court of appeals' judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

**{¶ 2}** In 1986, Woods was convicted in the trial court of rape, aggravated robbery, attempted rape, and robbery, and he is currently incarcerated in the Marion Correctional Institution. His convictions were affirmed on direct appeal. *State v. Woods*, 1st Dist. Hamilton Nos. C-860576 and C-870179, 1987 Ohio App. LEXIS 7396 (June 10, 1987).

**{¶ 3}** In September 2022, Woods filed a petition for a writ of mandamus in the First District seeking an order compelling the trial court to vacate the judgment of conviction because, Woods alleges, it was unsigned. The trial court moved to dismiss Woods's petition on the grounds that Woods purportedly failed to file the affidavit of prior actions required by R.C. 2969.25 and that Woods's mandamus claim was barred by res judicata. In October 2022, the court of appeals dismissed Woods's petition because he "failed to file the required affidavit," Entry of Dismissal at 1, *State ex rel. Woods v. Jenkins*, 1st Dist. Hamilton No. C-220479 (Oct. 21, 2022). The court of appeals held that it need not reach the trial court's res judicata argument. Woods appealed to this court as of right, and in July 2023 we reversed the court of appeals' judgment dismissing Woods's petition and remanded the case, finding that Woods had in fact filed an affidavit of prior actions. *State ex rel. Woods v. Jenkins*, 172 Ohio St.3d 667, 2023-Ohio-2333, 226 N.E.3d 949, ¶ 5.

**{¶ 4}** On remand, the trial court filed a renewed motion to dismiss and argued that Woods's mandamus claim was barred by res judicata. The court of appeals sua sponte converted the motion to a motion for summary judgment, *see* Civ.R. 12(B), provided Woods notice of the conversion, and gave Woods additional time to respond to the motion. The court of appeals granted the motion for summary judgment, finding that courts in two previous cases had rejected Woods's argument about the unsigned entry, *State v. Woods*, 1st Dist. Hamilton No. C-140606 (Aug.

12, 2015) ("*Woods I*"), and *State ex rel. Woods v. Dinkelacker*, 152 Ohio St.3d 142, 2017-Ohio-9124, 93 N.E.3d 965. Woods also filed a cross-motion for summary judgment, which the court of appeals denied.

{¶ 5} Woods appeals as of right.

## II. LEGAL ANALYSIS

{¶ 6} We review a court of appeals' order granting summary judgment de novo. *State ex rel. Novak, L.L.P. v. Ambrose*, 156 Ohio St.3d 425, 2019-Ohio-1329, 128 N.E.3d 209, ¶ 8. Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* To be entitled to a writ of mandamus, Woods must establish by clear and convincing evidence that (1) he has a clear legal right to the requested relief, (2) the trial court has a clear legal duty to provide it, and (3) he lacks an adequate remedy in the ordinary course of the law. *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3.

{¶ 7} Woods argues that his judgment of conviction should be vacated because, he alleges, it is not signed. *See* Crim.R. 32(C) ("The judge shall sign the judgment [of conviction] and the clerk shall enter it on the journal"). The court of appeals found that res judicata barred Woods from raising this argument because courts in two previous cases had already rejected it. *See Woods I*, 1st Dist. Hamilton C-140606, at 3 ("the [1986] judgments satisfied the requirements for a 'judgment of conviction' then set forth in Crim.R. 32(B) (now, Crim.R. 32(C))"); *Dinkelacker*, 152 Ohio St.3d 142, 2017-Ohio-9124, 93 N.E.3d 965, at ¶ 7 ("Woods acknowledges that he unsuccessfully raised the same argument in a 2014 motion to correct his sentence. * * * Accordingly, he is barred from seeking the requested mandamus relief"). "Res judicata bars the litigation of all claims that either were or might have been litigated in a first lawsuit." *Hughes v. Calabrese*, 95 Ohio St.3d 334, 2002-Ohio-2217, 767 N.E.2d 725, ¶ 12.

**{¶ 8}** Woods argues that these previous cases did not involve the issue whether the judgment of conviction was properly signed. Woods is wrong. Woods raised the argument in *Woods I*, and the court of appeals determined that the judgment of conviction complied with the criminal rules. *See Dinkelacker* at ¶ 3. Woods raised the same argument in *Dinkelacker*, *id*. at ¶ 4, and we determined that the argument was barred by res judicata, *id.* at ¶ 7. Because Woods has previously raised the same argument he brings here, the court of appeals properly determined that his petition was barred by res judicata. *See State ex rel. Newell v. Gaul*, 135 Ohio St.3d 187, 2013-Ohio-68, 985 N.E.2d 463, ¶ 2 (applying res judicata to a claim that was based on Crim.R. 32(C)).

### III.  CONCLUSION

**{¶ 9}** Because Woods's petition is barred by res judicata, the court of appeals properly granted summary judgment to the trial court. We affirm the judgment of the First District Court of Appeals.

Judgment affirmed.

KENNEDY, C.J., and DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

FISCHER and DETERS, JJ., not participating.

_____

Jeffery Woods, pro se.

Melissa A. Powers, Hamilton County Prosecuting Attorney, and Keith Sauter, Assistant Prosecuting Attorney, for appellee.

_____