JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Carl A. Nelson, Sr. ("defendant"), appeals pro se from the trial court's denial of his application for DNA testing. For the reasons that follow, we affirm.
 {¶ 2} Defendant petitioned the trial court for DNA testing on September 23, 2004. The State opposed the application on the basis that defendant failed to satisfy the threshold criteria necessary of accepting the application. In particular, the State argued that defendant failed to establish, pursuant to R.C. 2953.74(B)(1), that "DNA exclusion would have been outcome determinative at that trial stage in that case." The trial court agreed and denied the application on that basis. Defendant now appeals, raising one assignment of error for our review, which states:
 {¶ 3} "I. The trial court abused its discretion and committed prejudicial reversible error in denying appellant's postconviction application for DNA testing when, (1) it failed to require the prosecuting attorney to meet the statutory prerequisites of R.C. 2953.75(A) before ruling, and (2) when appellant met the statutory requirements of R.C.2953.74(B)(1), and (3) when the court ruled prior to appellant being served with the prosecutor's opposition brief and given an opportunity to respond in defense to, thereby, having the opportunity to demonstrate that DNA testing if performed would definitively prove to be `outcome determinative' as defined by R.C. 2953.71(L)."
 {¶ 4} Defendant contends that the trial court ruled prior to him being served with the State's brief in opposition to his application for DNA testing. The State certified that it sent defendant a copy of its opposition brief on January 7, 2005. The trial court denied defendant's application on January 19, 2005. Accordingly, defendant's argument in this regard lacks merit.
 {¶ 5} Defendant further maintains that the trial court erred by rendering its decision without first requiring the State to submit a report on the existence of a DNA sample pursuant to R.C. 2953.75(A). R.C. 2953.73(D) permits the trial court to reject an application if "the application and the files and records show the applicant is not entitled to DNA testing." R.C. 2953.72(A)(4) provides that "the State has established a set of criteria set forth in R.C. 2953.74 of the Revised Code by which eligible inmate applications for DNA testing will be screened and that a judge of a court of common pleas upon receipt of a properly filed application and accompanying acknowledgment will apply those criteria to determine whether to accept or reject the application." R.C. 2953.74(B)(1) provides, in relevant part, that the trial court may only accept an application if, among other things, the applicant shows "that DNA exclusion would have been outcome determinative at the trial stage."
 {¶ 6} "Outcome determinative" means "that had the results of DNA testing been presented at the trial of the subject inmate requesting DNA testing and been found relevant and admissible with respect to the felony offense for which the inmate is requesting DNA * * * no reasonable factfinder would have found the inmate guilty of that offense."
 {¶ 7} In his application for DNA testing, defendant maintained that "DNA testing if performed on the victim's panties and/or other clothing along with the Pap smear test that was performed and results thereof identified * * * would more fully explain what type of stains and their origin which were depicted in the aforementioned photos, as well as discredit the State's scenario of what occurred, and completely exonerate the Defendant of the crime of rape for which he was convicted of in October of 1987, when DNA testing was unavailable * * *."
 {¶ 8} In 1986, the State charged defendant and a co-defendant of raping and kidnapping a 17-year-old girl. Among the evidence presented at the trial was the victim's testimony that defendant and the co-defendant not only vaginally raped her but also took turns forcing oral sex on her. The victim did not go to the hospital until days later. Defendant was identified as an assailant by more than one witness, including the victim and the co-defendant. Even if defendant's DNA was not found on the subject evidence, i.e., the victim's clothing, this would not be "outcome determinative" given the nature of the charges, that two individuals perpetrated the crimes, and the record evidence. The trial court did not err in concluding that defendant failed to demonstrate that DNA testing would prove to be outcome determinative.
 {¶ 9} Defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., and Calabrese, Jr., J., Concur.