[Cite as *State ex rel. Nelson v. Russo*, 2011-Ohio-3698.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 96706

## STATE EX REL. CARL A. NELSON, SR.

RELATOR

vs.

## JUDGE NANCY M. RUSSO

RESPONDENT

### JUDGMENT:
### WRIT DENIED

Writ of Mandamus
Motion No. 444516
Order No. 446244

**RELEASE DATE:** July 26. 2011

**FOR RELATOR**

Carl A. Nelson, Sr.
Inmate No. 199-605
Grafton Correctional Institution
2500 S. Avon Belden Road
Grafton, Ohio 44044

**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor
James E. Moss
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY EILEEN KILBANE, A.J.:

{¶ 1} On April 22, 2011, the relator, Carl Nelson, Sr., commenced this mandamus action against the respondent, Judge Nancy M. Russo, to compel the judge to "correct a clerical error" in the sentencing entry so that his sentences would run concurrently instead of consecutively in the underlying case, *State of Ohio v. Carl Nelson, Sr.,* Cuyahoga County Common Pleas Court Case No. CR-212590.   On May 13, 2011, the respondent judge, through the Cuyahoga County Prosecutor, moved for summary judgment on the grounds of

adequate remedy at law and res judicata. On May 26, 2011, Nelson filed his brief in opposition to the judge's dispositive motion. For the following reasons, this court grants the judge's motion for summary judgment and denies the application for a writ of mandamus.

{¶ 2} In the underlying case in 1987, a jury convicted Nelson of four counts of rape and one count of kidnapping a 14-year-old girl. At the sentencing hearing Judge Terrence O'Donnell, then the trial court judge, noted the extreme emotional injury inflicted on the girl such that she could no longer live with her mother. Then he stated as follows: "It is incomprehensible to me how the General Assembly of our State can impanel a jury and empower the Court to sit and pass sentence on an individual like yourself and give this Court the opportunity and the authority of the State Legislature to give you this sentence and also enact a Revised Code Section 2929.41 that says there are maximums. Section (E) says: 'Consecutive terms of imprisonment imposed shall not exceed' and your minimum term of imprisonment is a term of fifteen years. In your case I find that to be incomprehensible and therefore I am going to deny you consecutive on each count because if you are released you are a menace to society and you have proven your unfitness to live in our community." The sentencing entry imposed five 15 to 25 years sentences consecutively.

{¶ 3} In his direct appeal, *State v. Carl Nelson, Sr.* (Mar. 16, 1989), Cuyahoga App. No. 54791, Nelson argued manifest weight of the evidence and ineffective assistance of trial counsel. He did not argue any inconsistency between the oral pronouncement of sentence

and the entry itself. This court affirmed. In 2000 Nelson filed a postconviction relief petition on the grounds of new evidence. In *State v. Carl Nelson, Sr.* (Sept. 21, 2000), Cuyahoga App. No. 77094, this court affirmed the trial court's denial of the petition. In *State v. Carl Nelson, Sr.,* Cuyahoga App. No. 85930, 2005-Ohio-5969, this court affirmed the trial court's decision denying DNA testing, because Nelson failed to demonstrate that such testing would be outcome determinative.[1]

{¶ 4} In 2010, Nelson moved the trial court to amend his sentence from consecutive to concurrent because the trial judge during the sentencing hearing had said, "I am going to deny you consecutive on each count." (Tr. 18.) Thus, the consecutive sentences were inconsistent with the pronouncement at the hearing. Indeed, the imposition of consecutive sentences was a clerical error which pursuant to Crim.R. 36, the trial court could correct at any time. The trial court denied the motion.

{¶ 5} In *State v. Carl Nelson, Sr.*, Cuyahoga App. No. 95420, 2010-Ohio-6032, this court affirmed that denial. This court further specifically rejected Nelson's argument that the imposition of consecutive sentences was a clerical error. This court concluded that a review of the record demonstrated that the trial court intended Nelson's sentences to be consecutive. The trial judge's pronouncements that Nelson was a menace to society and unfit to live in the

---

[1] Additionally, Nelson tried twice to file delayed appeals. *State v. Carl Nelson, Sr.,* Cuyahoga App. Nos. 59268 and 59530. He also had another appeal dismissed for failure to file a brief. *State v. Carl Nelson, Sr.* Cuyahoga App. No. 80208.

community and his dismay with the then legislative scheme imposing minimum sentences showed his intent to impose consecutive sentences. Moreover, this court found that Nelson had not raised this argument in his previous appeals. Res judicata bars arguments that could have been raised at trial or in an appeal from the judgment. Thus, res judicata properly barred the argument 23 years and seven appeals later.

{¶ 6} Now, Nelson tries to resurrect the clerical error argument in this mandamus action. The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus* (1987), 33 Ohio St.3d 118, 515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal. *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 631 N.E.2d 119; *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 295 N.E.2d 659; and *State ex rel. Pressley v. Indus. Comm. of Ohio* (1967), 11 Ohio St.2d 141, 228 N.E.2d 631, paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. *State ex rel. Jerninghan v. Gaughan* (Sept. 26, 1994), Cuyahoga App. No. 67787. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. *State ex rel. Tran v.*

*McGrath*, 78 Ohio St.3d 45, 1997-Ohio-245, 676 N.E.2d 108 and *State ex rel. Boardwalk Shopping Ctr., Inc. v. Court of Appeals for Cuyahoga County* (1990), 56 Ohio St.3d 33, 564 N.E.2d 86.

{¶ 7} Nelson's arguments are ill-founded. First, he had an adequate remedy at law which now precludes relief in mandamus. He had multiple opportunities to raise this argument. In 2010, he did raise it, and both the trial court and this court specifically rejected it. The fact that this court has specifically rejected the clerical error argument also means that it is barred by res judicata.

{¶ 8} Accordingly, this court grants the respondent's motion for summary judgment and denies the application for a writ of mandamus. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

Writ denied.

_____
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

JAMES J. SWEENEY, J., and
KENNETH A. ROCCO, J., CONCUR