[Cite as *State v. Bidinost*, 2014-Ohio-3136.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No. 100466

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## IVO L. BIDINOST

DEFENDANT-APPELLANT

### JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-90-256941

**BEFORE:** Kilbane, J., Celebrezze, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 17, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Chief Public Defender
Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Daniel T. Van
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

**{¶1}** Defendant-appellant, Ivo Bidinost ("Bidinost"), appeals from the trial court's judgment classifying Bidinost as a sexual predator. For the reasons set forth below, we reverse and remand.

**{¶2}** The facts underlying this appeal were set forth by this court in Bidinost's prior appeal, *State v. Bidinost*, 8th Dist. Cuyahoga No. 62925, 1993 Ohio App. LEXIS 3097 (June 17, 1993).

> [Bidinost] was accused of [the] sexual abuse of [R.C. and C.C.], ages seven and four, respectively at the time of trial. [Bidinost], who was age 20 at the time of trial, was a next door neighbor to the * * * children from the time they were born.
>
> The boys' mother, [M.C.], testified that when she returned to work in 1986, she left eighteen month-old [R.C.] with [Bidinost's] mother, to baby-sit. When her second son [C.C.] was born, he was also left with the Bidinosts over a period of eighteen months.
>
> * * *
>
> [M.C.] testified that after [R.C.] had been staying at the Bidinost home for about three or four months, he began screaming and crying and begging not to go. She observed that during this time the children's penises were red and swollen and observed other unusual conduct by R.C. He was "speech delayed"[,] wanted to urinate outside[,] and wanted people to watch him undress or go to the bathroom. The preschool teachers described him as hostile, overly aggressive and overly affectionate. Their mother caught both boys with their pants down outside at least twenty-five or thirty times.
>
> * * *
>
> In mid June 1990, * * * [M.C.] took [the boys] to [a] psychologist[.] After two or three sessions, [C.C.] finally told his mother what had happened. He told her about [R.C.] and [Bidinost] sodomizing each other and he described ejaculation and semen. The mother testified that [R.C.] was

hysterical when told of [C.C.'s] revelations but finally admitted in a session with [the psychologist] that it was [Bidinost] who had been abusing him.

On August 29, 1990[,] the Mayfield Heights police arrested [Bidinost], advised him of his rights and executed a search of his home pursuant to a search warrant. They found pornographic magazines and an open condom package under [Bidinost's] bed. At one point [Bidinost] hung his head and said "my life is over" or "my life is ruined." He denied ever being alone with the boys or touching them improperly and suggested they may have overheard him and a friend talking about sexual matters. When one police officer suggested to [Bidinost] that the events may have been nothing more than teenage sexual curiosity or experimenting, [Bidinost] dropped his head and shook it up and down.

[Bidinost] testified and denied all the allegations against him. His father and sister also testified in his behalf to the effect that they never saw any sign of sexual misconduct with [the boys].

*Id.* at *1-*4, *6.

{¶3} At the conclusion of trial, the jury found Bidinost guilty of five counts of rape of a minor under 13 years of age and one count of felonious sexual penetration. On November 5, 1991, the trial court sentenced Bidinost to life in prison on three counts of rape and the sexual penetration count, and an indefinite term of 8 to 25 years on the remaining rape counts. The court ordered that the three rape counts and the sexual penetration count run concurrent with each other, and the remaining rape counts run concurrent with each other, but consecutive to the other counts.

{¶4} On appeal, Bidinost raised several assignments of error challenging his convictions: the admittance of expert testimony, effective assistance of defense counsel, and the court's limitation on cross-examination of the state's witnesses. *Id.* at *1. We

overruled Bidinost's assignments of error and found that he received a fair trial, and the evidence was sufficient to sustain the convictions. *Id.*

{¶5} Then in July 2013, Bidinost returned to the trial court for a H.B. 180 sexual predator hearing. After an evaluation by the court psychiatric clinic, the court conducted the sexual predator hearing. At the hearing, the state requested that the trial court classify Bidinost as a sexual predator because there were more than 300 incidents of sexual abuse of R.C. and C.C. Defense counsel asked that Bidinost be classified as a sexually oriented offender because his Static-99 placed him in a moderate to low risk category, his ABEL Assessment for sexual interest was normal, and most of the recidivism factors weighed in his favor. After considering all the evidence, the trial court concluded that the facts of this case "constituted clear and convincing evidence that [Bidinost] should be labeled a sexual predator."

{¶6} Bidinost now appeals, raising the following two assignments of error for review, which shall be discussed together.

Assignment of Error One

The trial court failed to conduct an adequate classification hearing as required by [*State v. Eppinger*, 91 Ohio St.3d 158, 743 N.E.2d 881 (2001)] and in violation of [Bidinost's] State and Federal Due Process Rights.

Assignment of Error Two

The state failed to prove by clear and convincing evidence that appellant is "likely to engage in the future in one or more sexually oriented offenses."

{¶7} Within these assigned errors, Bidinost challenges his sexual predator classification. He argues the trial court failed to make the necessary finding that he was likely to commit a future sex offense and failed to create an adequate record upon which to review that determination. Bidinost further argues that the state failed to prove by clear and convincing evidence that he is "likely to engage in the future in one or more sexually oriented offenses."

**{¶8}** In *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, the Ohio Supreme Court held that

> [b]ecause sex-offender-classification proceedings under R.C. Chapter 2950 are civil in nature, a trial court's determination in a sex offender classification hearing must be reviewed under a civil manifest-weight-of-the-evidence standard and may not be disturbed when the trial judge's findings are supported by some competent, credible evidence.

*Id.* at syllabus.

**{¶9}** The civil manifest weight of the evidence standard "affords the lower court more deference than the criminal standard." *Id.* at ¶ 26. "Thus, a judgment supported by 'some competent, credible evidence going to all the essential elements of the case' must be affirmed." *Id.*, citing *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978).

**{¶10}** "To earn the most severe designation of sexual predator, the defendant must have been convicted of or pled guilty to committing a sexually oriented offense and must be 'likely to engage in the future in one or more sexually oriented offenses.' R.C. 2950.01(E)." *Eppinger*, 91 Ohio St.3d at 161, 743 N.E.2d 881 (2001).

**{¶11}** The state has the burden of proving that the offender is a sexual predator by clear and convincing evidence. *Wilson* at ¶ 20, citing R.C. 2950.09(B)(4). "Clear and convincing evidence is evidence that 'will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.*, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. The "clear-and-convincing standard requires a higher degree of proof than a 'preponderance

of the evidence,' but less than 'evidence beyond a reasonable doubt.'" *Id.*, quoting *State v. Ingram*, 82 Ohio App.3d 341, 346, 612 N.E.2d 454 (2d Dist.1992).

**{¶12}** In making its determination as to whether an offender is a sexual predator, the trial court must consider all relevant factors to determine whether the individual is likely to engage in future sex offenses. These factors include, but are not limited to, the offender's age and prior criminal record; the age of the victim; whether the sex offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim of the sex offense; if the offender has previously been convicted of or pleaded guilty to any criminal offense; whether the offender completed a sentence for any conviction and, if a prior conviction was for a sex offense, whether the offender participated in any available program for sex offenders; whether the offender demonstrated a pattern of abuse or displayed cruelty toward the victim; any mental illness or disability of the offender; and any other behavioral characteristics that contribute to the sex offender's conduct. R.C. 2950.09(B)(3)(a)-(j).

**{¶13}** We note that the "trial court is not required to individually assess each of these statutory factors on the record nor is it required to find a specific number of these factors before it can adjudicate an offender a sexual predator so long as its determination is grounded upon clear and convincing evidence." *State v. Caraballo*, 8th Dist. Cuyahoga No. 89757, 2008-Ohio-2046, ¶ 8, citing *State v. Ferguson*, 8th Dist. Cuyahoga No. 88450, 2007-Ohio-2777; *State v. Purser*, 153 Ohio App.3d 144, 149, 2003-Ohio-3523, 791 N.E.2d 1053 (8th Dist.2003). "The court need not elaborate on its

reasons for finding certain factors as long as the record includes the particular evidence upon which the trial court relied in making its adjudication." *Caraballo* at ¶ 8, citing *Ferguson*; *Eppinger*, 91 Ohio St.3d at 166, 743 N.E.2d 881 (2001).

{¶14} In *Eppinger*, the Ohio Supreme Court set forth a model procedure for a sexual offender classification hearing. The model outlined the following three objectives:

> First, it is critical that a record be created for review. Therefore, the prosecutor and defense counsel should identify on the record those portions of the trial transcript, victim impact statements, presentence report, and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the issue of whether the offender is likely to engage in the future in one or more sexually oriented offenses. * * * [A] clear and accurate record of what evidence or testimony was considered should be preserved, including any exhibits, for purposes of any potential appeal.

> Second, an expert may be required, as discussed above, to assist the trial court in determining whether the offender is likely to engage in the future in one or more sexually oriented offenses. Therefore, either side should be allowed to present expert opinion by testimony or written report to assist the trial court in its determination, especially when there is little information available beyond the conviction itself. * * *

> Finally, the trial court should consider the statutory factors listed in R.C. 2950.09(B)[3], and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism.

(Citations omitted). *Id.* at 166. *See also State v. Ferrell*, 8th Dist. Cuyahoga No. 72732, 1999 Ohio App. LEXIS 1048 (Mar. 18, 1999).

{¶15} As this court stated in *Ferrell*:

> In a model sexual predator determination hearing, the prosecutor and defense counsel would take care to identify on the record those portions of

the trial transcript, victim impact statements, pre-sentence report and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the second prong of R.C. 2950.01(E). Either side might present expert opinion by testimony or written report to assist the trial court in its determination when there is little information beyond the fact of the conviction itself. The trial court not only would then consider on the record the statutory factors themselves, but in addition would discuss in some detail the particular evidence and factors upon which it relies in making its determination. Finally, it would include evidentiary materials in the record for purposes of any potential appeal.

*Id.* at \*11-12; s*ee also State v. Dyer*, 8th Dist. Cuyahoga No. 88202, 2007-Ohio-1704.

{¶16} In the instant case, there is no evidence discussed on the record by the state beyond Bidinost's conviction and Static-99 results, which placed him in the moderate to low risk category. Additionally, while trial court referred to Bidinost's age and victims' ages, his prior record, the lack of any evidence of drug influence, and the court's psychiatric report, it did not specifically find that Bidinost was likely to commit a future sexual offense. R.C. 2950.01(E); *see also Dyer* at ¶ 60, citing *Eppinger*, 91 Ohio St.3d at 166, 743 N.E.2d 881 (2001); *State v. Artino*, 8th Dist. Cuyahoga No. 74054, 1999 Ohio App. LEXIS 2075 (May 6, 1999) and *State v. Gregory*, 8th Dist. Cuyahoga No. 74859, 1999 Ohio App. LEXIS 4670 (Sept. 30, 1999). Therefore, the trial court's order finding Bidinost to be a sexual predator is reversed.

{¶17} Accordingly, the first and second assignments of error are sustained.

{¶18} Judgment is reversed, and the matter is remanded for a new sexual predator hearing consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR