[Cite as *State v. Nelson*, 2014-Ohio-5285.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 101228

STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

CARL A. NELSON

DEFENDANT-APPELLANT

JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-86-212590-B

BEFORE: Celebrezze, P.J., S. Gallagher, J., and Kilbane, J.

RELEASED AND JOURNALIZED: November 26, 2014

**ATTORNEY FOR APPELLANT**

Ruth R. Fischbein-Cohen
3552 Severn Road
Suite 613
Cleveland, Ohio   44118


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:     Brett Hammond
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Appellant, Carl A. Nelson, appeals his classification as a sexual predator imposed on him in 2014 as a result of the state's motion for a sexual classification hearing under Megan's Law, referred to as an "H.B. 180 classification" hearing by the trial court. Appellant argues the trial court erred in classifying him as a sexual predator (the most severe classification) rather than a sexually oriented offender (the least severe category). After a thorough review of the record and law, we affirm appellant's classification.

## I. Factual and Procedural History

{¶2} In 1987, appellant was convicted, following a jury trial, of the kidnapping and rape of a 14-year-old girl, for which he received five 15-to-25-year prison sentences, ordered to be served consecutively.[1] The facts surrounding these convictions have previously been recounted in appellant's direct appeal, *State v. Nelson*, 8th Dist. Cuyahoga No. 54791, 1989 Ohio App. LEXIS 908 (Mar. 16, 1989). Appellant also has prior convictions for rape and kidnapping from a 1978 case that resulted from guilty pleas. In that case, the victim was 13 years old. He received two concurrent four-to-25-year-prison sentences as a result of that case.

{¶3} On February 20, 2014, the state filed a motion asking the trial court to hold a sexual classification hearing.[2] An evaluation was conducted by the court psychiatric clinic, and a classification report was generated. The report included results obtained from other reports generated in appellant's cases, including an outdated "Static-99" score placing him in the

---

[1] In *State v. Nelson*, 8th Dist. Cuyahoga No. 95420, 2010-Ohio-6032, this court affirmed the consecutive nature of the sentence based on res judicata.

[2] This was not the first such motion filed in the case. At one point, the trial court declared these classification hearings unconstitutional. Another motion was withdrawn by the state.

moderate to high risk category to commit another sexually oriented crime in the future. The results for older "Static-99" tests were adjusted to account for changes in the test and changes in appellant's circumstances, and appellant was again found to present a moderate-to-high risk of engaging in sexually oriented crimes in the future.

{¶4} On March 18, 2014, the trial court held a classification hearing. It heard arguments from the state and appellant. The court then classified appellant as a sexual predator under Megan's Law, finding:

> The House Bill 180 evaluation[3] does raise some interesting red flags in addition to going over possible reoffending. It discusses his diagnosis as an antisocial personality disorder.
>
> This is of grave concern to the court. It states that he has failed to conform to social norms with respect to lawful behaviors as demonstrated by arrests. He was deceitful after he left the area after he found out about charges. He worked under an alias. Disregarded the safety of others by engaging in aggressive sexual behavior as well as having juvenile issues.
>
> The court does believe that the state has met its burden by clear and convincing evidence that the defendant should be classified as a sexual predator. There were two victims in the case, in unrelated cases. Both were fourteen. Use of force and threat of force in particular in the second case. Stuffing a rag in her mouth, tying her legs to the bedpost. There was an accomplice. There was a kidnapping. Further harm was threatened to the victim if she was — if she took it upon herself to report.
>
> * * *
>
> And I have before me someone who self-reported that he didn't have an attraction to children, yet I have two separate cases within a relatively short period of time involving fourteen-year-old girls.

{¶5} Appellant filed the instant appeal assigning one error for review:

---

[3] Former R.C. 2950.09(B)(1) governs sexual classification hearings that take place when imposing designations on sexual offenders pursuant to now-repealed R.C. Chapter 2950, Ohio's version of "Megan's Law."

I.     The trial court committed reversible error when it labeled the defendant-appellant a sexual predator.

## II. Law and Analysis

{¶6} Prior to Ohio's enactment of its version of the Adam Walsh Act ("AWA"), R.C. Chapter 2950, sexually oriented offenders were classified according to Ohio's Version of Megan's Law, former R.C. Chapter 2950. After the Ohio Supreme Court found retroactive application of the AWA unconstitutional, it determined that Megan's Law governs classification and reporting requirements for offenders whose crime was committed prior to the enactment of the AWA. *State v. Howard*, 134 Ohio St.3d 467, 2012-Ohio- 5738, 983 N.E.2d 341.

{¶7} Pursuant to former R.C. 2950.09, a hearing is required to classify an individual convicted of a sexually oriented offense as a sexual predator.[4] These designations determine the extent and duration of reporting requirements imposed on the offender after release from prison. At the hearing, if the state requests the court to impose the most severe classification of sexual predator, "the state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses." *State v. Eppinger*, 91 Ohio St.3d 158, 162, 743 N.E.2d 881 (2001), citing former R.C. 2950.01(E) and 2950.09(B)(3).

> "At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. The offender shall have the right to be represented by counsel and, if indigent, the right to have counsel appointed to represent the offender.'"

---

[4] Former R.C. 2950.09 defined three classifications of sex offenders in order of most to least severe: sexual predator, habitual sexual offender, and sexually oriented offender.

*Id*. at 161, quoting former R.C. 2950.09(B)(1).

**{¶8}** This court reviews these determinations under a civil manifest-weight-of-the-evidence standard. *State v. Bidinost*, 8th Dist. Cuyahoga No. 100466, 2014-Ohio-3136. This is because a sex offender classification under Megan's Law is considered civil in nature. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, syllabus. The civil manifest weight of the evidence standard "affords the lower court more deference than the criminal standard." *Id*. at ¶ 26. "Thus, a judgment supported by 'some competent, credible evidence going to all the essential elements of the case' must be affirmed." *Id.*, citing *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978).

**{¶9}** Certain factors are set forth in the statute that the trial court should consider when classifying an individual. These factors include the age of the offender and criminal record; the victim's age; whether the offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim; if the offender has previously been convicted of any criminal offense; whether the offender participated in any available program for sex offenders; whether the offender demonstrated a pattern of abuse or displayed cruelty toward the victim; any mental illness or disability of the offender; and any other behavioral characteristics that contribute to the sex offender's conduct. Former R.C. 2950.09(B)(3)(a)-(j).

**{¶10}** While these factors should be considered, a "trial court is not required to individually assess each of these statutory factors on the record nor is it required to find a specific number of these factors before it can adjudicate an offender a sexual predator so long as its determination is grounded upon clear and convincing evidence." *State v. Caraballo*, 8th Dist. Cuyahoga No. 89757, 2008-Ohio-2046, ¶ 8, citing *State v. Ferguson*, 8th Dist. Cuyahoga No. 88450, 2007-Ohio-2777.

{¶11} In the present case, the court discussed several of the factors listed above and arrived at the conclusion that appellant's prior convictions for rape involving young girls of substantially similar ages were significant factors. The violence used by appellant was also significant. Appellant makes much of his behavior while in prison and his participation in several programs. He also asserts that he is older now and, statistically, less likely to engage in future crime. Appellant has also completed many courses while in prison, including counseling. These factor were considered in the court psychiatric assessment, and that analysis still found him to be at a moderate to high risk of committing a future sexually oriented offense. The fact that appellant raped a 14-year-old girl a little over a year after getting out of prison for raping another 13-year-old girl weighs heavily in favor of classifying him as a sexual predator.

{¶12} Appellant points to an addendum, dated November 22, 2010, to an earlier clinical risk assessment generated by a parole authority request.[5] The addendum indicates that appellant's "risk score, as reported by the Parole Board is 4."[6] The addendum goes on to document the factors that are favorable to appellant, while only indirectly referring to the prior negative factors found in the prior report. Appellant's risk assessment in this addendum was factored into the court psychiatric clinic evaluation prepared for the classification hearing, which found that appellant had a moderate to high risk of recidivism.

---

[5] At oral arguments, appellant's counsel indicated the parole authority assessment found him to only present a ten percent chance of recidivism, but this court could find no such reference in this addendum, and the original report it modifies is not in the record.

[6] The addendum did not indicate on which test this was based or at what level of risk of recidivism this would indicate, but at the hearing appellant's attorney indicated this would put appellant in the low risk category.

{¶13} The trial court's decision to classify appellant as a sexual predator is not against the manifest weight of the evidence. The state provided clear and convincing evidence that appellant committed heinous sexually oriented crimes against two young victims of roughly the same age, and clinical examination found him to be at a moderate to high risk for recidivism. None of the other factors set forth by appellant sufficiently vitiate those factors to establish that the trial court lost its way in deciding appellant's classification.

{¶14} Appellant's attempts to better himself while in prison were not ignored by the court. These laudable actions, however, do not overcome the factors that weigh against a less severe classification.

### III. Conclusion

{¶15} The trial court's decision was not against the manifest weight of the evidence. Appellant's classification as a sexual predator is supported by his prior criminal history and the psychological evaluation. Appellant's repeated history of violence and sexual assault against young women demands the most significant reporting requirements, should appellant ever leave prison.

{¶16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR