[Cite as *State v. Kelly*, 2017-Ohio-6884.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104842**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTWIONE KELLY

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-95-320255-ZA

**BEFORE:** S. Gallagher, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** July 20, 2017

**ATTORNEYS FOR APPELLANT**

Mark Stanton
Cuyahoga County Public Defender
By: Paul Kuzmins
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio    44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Daniel T. Van
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

**{¶1}** Antwione Kelly appeals the judgment in which he was classified a sexual predator in a 1995 rape conviction. Back then, Kelly was sentenced to a prison term of between 10 and 25 years. We affirm.

**{¶2}** The facts presented in the assessment generated by the court psychiatric clinic were pulled from the Cleveland Police Department supplementary report dated January 23, 1995. In 1995, Kelly and three other males broke into an apartment and gang-raped the victim. The four offenders also stole $150 in food stamps and a pager. According to the victim's statements, Kelly held a gun to the victim's head to facilitate the first rape and then each offender took turns holding the gun and raping the victim. In the clinical assessment, Kelly claimed that he did not commit rape himself, despite his guilty plea admitting to the allegations.

**{¶3}** While in prison, Kelly accrued approximately 20 infractions — mostly related to contraband or the failure to follow orders. The most notable, given the nature of the current issues, was one in 2015 for which Kelly was accused of leaning against a wall near his cell and stroking his penis. While in prison, Kelly also refused to complete any sex offender counseling programs.

**{¶4}** The court psychiatric clinic concluded, based on Kelly's admission to a juvenile record, that Kelly posed a moderate-high risk of recidivism under two versions of the clinical assessment. The assessment was revised to take into account an offender's age; both conclusions were presented in the assessment. If Kelly's juvenile record is ignored, Kelly posed a moderate-low risk of reoffending. For obvious reasons, Kelly

focuses on the latter assessment, and the state focuses on the former. The information regarding Kelly's juvenile history was provided by Kelly himself when speaking to the court-appointed psychiatrist. The trial court considered both assessments, but concluded that the moderate-high risk assessment was more accurate because Kelly had no reason to distort his juvenile record. The trial court also considered the facts as presented in the clinical assessment and Kelly's institutional record, and ultimately classified Kelly as a sexual predator.

{¶5} "Former R.C. 2950.01 et seq., codified under H.B. 180 and popularly known as 'Megan's Law,' creates three classifications for sexual offenders: sexually oriented offender, habitual sex offender, and sexual predator." *State v. Trem*, 2016-Ohio-392, 58 N.E.3d 555, ¶ 2 (8th Dist.), citing former R.C. 2950.09. The most important distinction is in "the reporting requirements: sexual predators have to register their address every 90 days for life; habitual sex offenders have to register their address annually for 20 years; and sexually oriented offenders have to register their address annually for 10 years." *Id.*, citing former R.C. 2950.04(C)(2), former 2950.06(B)(1) and (2), and former 2950.07(B)(1) and (2). "Former R.C. 2950.01(E) defined a 'sexual predator' as 'a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.'" *Id.* at ¶ 3.

{¶6} "Former R.C. 2950.09(B)(3) provided certain factors to guide the court's determination as to whether an offender is a sexual predator[,]" including (1) the age of

the offender and his criminal record; (2) the victim's age at the time of the offense; (3) whether the offense involved multiple victims; (4) whether the offender used drugs or alcohol to facilitate the offense; (5) whether the offender participated in a program for sex offenders; (6) whether the offense was committed through a pattern of abuse or the offender displayed cruelty toward the victim; (7) whether the offender has any mental illness or disability; and (8) any other behavioral characteristics that contribute to the offender's conduct. *Id.* at ¶ 4, citing former R.C. 2950.09(B)(3)(a)-(j). No single factor or any combination of factors is dispositive. *Id.*, citing *State v. Caraballo*, 8th Dist. Cuyahoga No. 89757, 2008-Ohio-2046, ¶ 8.

**{¶7}** Classifications under Megan's Law are civil in nature and can only be reviewed under the civil manifest weight of the evidence standard. *Trem* at ¶ 5, citing *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, syllabus, and *State v. Nelson*, 8th Dist. Cuyahoga No. 101228, 2014-Ohio-5285, ¶ 8. The trial court is to be given deference, and any judgment supported by competent, credible evidence must be affirmed. *Id.*, citing *Wilson*.

**{¶8}** In this appeal, Kelly contends that the trial court failed to conduct an "adequate classification hearing" and failed to make the "statutorily required finding" that Kelly was likely to commit a future sex offense and, in the alternative, that the sexual predator classification is not supported by competent, credible evidence.

**{¶9}** With respect to his first two contentions, Kelly never objected to the manner in which the hearing was conducted or any of the evidence submitted by the state in

support of the classification determination. Before commencing the hearing, Kelly specifically declined additional time to review or develop the evidence. If any error existed with respect to the hearing being based on the limited evidence presented, that error was invited by Kelly. "Under the settled principle of invited error, a litigant may not 'take advantage of an error which he himself invited or induced.'" *State v. Murphy*, 91 Ohio St.3d 516, 535-536, 747 N.E.2d 765 (2001), quoting *Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co.*, 28 Ohio St.3d 20, 502 N.E.2d 590 (1986), paragraph one of the syllabus. Kelly cannot now take advantage of his decision to proceed with the hearing by asserting error with respect to the limited evidence considered by the trial court.

{¶10} Further on this topic, the trial court is not required to "find" that the offender is likely to commit a future sex offense before classifying the sexual offender. *State v. Blake-Taylor*, 8th Dist. Cuyahoga No. 100419, 2014-Ohio-3495, ¶ 5. The phrase "'sexual predator' necessarily means that the offender is likely to commit a sexually oriented offense in the future"; therefore, any similar finding would be redundant. *Id.* In this case, the trial court classified Kelly as a sexual predator and, as part of that classification process, necessarily concluded that Kelly was likely to commit a sexually oriented offense in the future.

{¶11} Finally, Kelly's classification is not against the manifest weight of the evidence. At oral argument, Kelly emphasized that his stipulation to the authenticity of the clinical assessment and the institutional report denoting Kelly's infractions did not extend to the evidence presented in each document. According to Kelly, without his

stipulation, the trial court could not consider the documents as substantive evidence. Authenticity of a document is a separate issue. Kelly's stipulation to the authenticity of the documents obviated the state's need to formally authenticate them before introducing the documents into the record. The lack of a stipulation as to the substantive value of the evidence does not render the evidence inadmissible. Further, there was no objection to the clinical assessment being submitted in lieu of live testimony; Kelly relied on substantive portions of the clinical assessment in rebutting the state's evidence; and, more important, Kelly raised this concern about his stipulation for the first time at oral argument. We will not consider this issue any further.

{¶12} The focus of Kelly's appellate argument is on the alternative statistical analysis contained in the clinical assessment that placed Kelly in the moderate-low risk category. According to Kelly, if that assessment is considered, there would be no evidence that Kelly is likely to commit a sexually oriented offense in the future. *See, e.g., Trem,* 2016-Ohio-392, 58 N.E.3d 555. That analysis, however, was based on the assumption that Kelly had no prior criminal history. Kelly disclosed his criminal history during his interview with the court-appointed psychiatrist. The trial court considered the lower risk assessment and rejected it in favor of the one analyzing the risk in light of Kelly's criminal history. The trial court concluded the assumption of a criminal history was fair, despite the lack of official information, because Kelly provided the pertinent information during his interview and had little reason to distort the truth.

{¶13} The trial court is to be given deference, and we cannot find error with the trial court's decision to consider the alternative assessments and give greater weight to the higher risk assessment. The facts of this case differ from the decision in *Trem*, in which the state failed to prove by clear and convincing evidence that the offender was likely to commit a future sexually oriented offense based in part on the statistical analysis placing the offender in the low risk category. In that case, there was only one set of assumptions underlying the statistical analysis, unlike in the present case in which the trial court had to consider alternate conclusions based on differing assumptions. Further in *Trem*, the state had no other evidence to counter the statistical analysis — the offender had an "exemplary" prison record, and being 60 years old weighed against the likelihood of recidivism.

{¶14} In this case, in addition to the statistical analysis placing Kelly in the moderate-high risk-of-reoffending category, the trial court considered the ages of the victim and the offender, Kelly's version of the facts downplaying his involvement in the crime, the violent nature of the crime, Kelly's failure to complete any sex offender counseling programs, and Kelly's numerous institutional infractions. *See* former R.C. 2950.09(B)(3)(a)-(j). The trial court fulfilled its obligation to consider all the relevant factors, and we conclude that the sexual predator classification is supported by competent, credible evidence.

{¶15} We must affirm.

It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, SR., J., CONCUR