[Cite as *State ex rel. Nelson v. Russo*, 2019-Ohio-3895.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE EX REL. CARL A. NELSON, SR., :

      Relator,            :

                                    No. 108531

      v.                  :

COURT OF COMMON PLEAS JUDGE,
NANCY M. RUSSO,          :

      Respondent.      :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** September 23, 2019

---

Writ of Mandamus
Motion No. 528988
Order No. 531422

---

### *Appearances:*

Carl A. Nelson, Sr., *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, *for respondent.*

MARY EILEEN KILBANE, A.J.:

{¶ 1} On May 7, 2019, the relator, Carl Nelson, commenced this mandamus action against the respondent, Judge Nancy Russo, to compel her to vacate his November 2, 1987 sentence in the underlying case, *State v. Nelson,* Cuyahoga C.P.

No. CR-86-212590-B, and resentence him in open court. Nelson argues that his sentence is void because the sentencing entry imposed consecutive sentences when the trial judge indicated concurrent sentences during the sentencing hearing. On June 3, 2019, the respondent judge, through the Cuyahoga County Prosecutor, moved to dismiss on the basis of adequate remedy at law and res judicata. Nelson filed a reply brief on June 21, 2019. For the following reasons, this court grants the respondent judge's motion and dismisses the application for a writ of mandamus.

{¶ 2} In the underlying case in 1987, a jury convicted Nelson of four counts of rape and one count of kidnapping of a 14-year-old girl.[1] At the sentencing hearing, Judge Terrence O'Donnell, then a trial court judge, noted the extreme emotional injury inflicted on the girl. Then he stated as follows:

> It is incomprehensible to me how the General Assembly of our State can impanel a jury and empower the Court to sit and pass sentence on an individual like yourself and give this Court the opportunity and the authority of the State Legislature to give you this sentence and also enact a Revised Code Section 2929.41 that says there are maximums. Section (E) says: "Consecutive terms of imprisonment imposed shall not exceed" and your minimum term of imprisonment is a term of fifteen years. In your case I find that to be incomprehensible and therefore I am going to deny you consecutive on each count because if you are released you are a menace to society and you have proven your unfitness to live in our community.

The sentencing entry imposed five 15-to-25-years sentences consecutively.

---

[1] The evidence at trial showed that Nelson and a codefendant took the girl, her mother, and younger brother on a picnic after meeting them at a fast-food restaurant. As darkness fell, Nelson and the codefendant separated the girl from her family and drove her to the codefendant's residence. There they tied the girl to a bed and raped her repeatedly. When they released her, they threatened her if she told anyone.

{¶ 3} In his direct appeal, *State v. Nelson,* 8th Dist. Cuyahoga No. 54791, 1989 Ohio App. Lexis 908 (Mar. 16, 1989), Nelson argued manifest weight of the evidence and ineffective assistance of trial counsel. He did not argue any inconsistency between the oral pronouncement of sentence and the entry itself. This court affirmed. In 2000, Nelson filed a postconviction relief petition on the grounds of new evidence. In *State v. Nelson,* 8th Dist. Cuyahoga No. 77094, 2000 Ohio App. Lexis 4279 (Sept. 21, 2000), this court affirmed the trial court's denial of the petition. In *State v. Nelson,* 8th Dist. Cuyahoga No. 85930, 2005-Ohio-5969, this court affirmed the trial court's decision denying DNA testing, because Nelson failed to demonstrate that such testing would be outcome determinative.[1]

{¶ 4} In 2010, Nelson moved the trial court to amend his sentence from consecutive to concurrent because the trial judge during the sentencing hearing had said, "I am going to deny you consecutive on each count." (Tr. 18.) Thus, the consecutive sentences were inconsistent with the pronouncement at the hearing. Nelson argued that the imposition of consecutive sentences was a clerical error, which pursuant to Crim.R. 36, the trial court could correct at any time. The trial court denied the motion.

---

[1] Additionally, Nelson tried twice to file delayed appeals. *State v. Nelson,* 8th Dist. Cuyahoga Nos. 59268 and 59530. He also had another appeal dismissed for failure to file a brief. *State v. Nelson,* 8th Dist. Cuyahoga No. 80208 (Oct. 15, 2001). Nelson also appealed his classification as a sexual predator. *State v. Nelson*, 8th Dist. Cuyahoga No. 101228, 2014-Ohio-5285.

{¶ 5} In *State v. Nelson,* 8th Dist. Cuyahoga No. 95420, 2010-Ohio-6032, this court affirmed that denial and rejected Nelson's argument that the imposition of consecutive sentences was a clerical error. This court concluded that a review of the record demonstrated that the trial court intended Nelson's sentences to be consecutive. The trial judge's pronouncements that Nelson was a menace to society and unfit to live in the community and his dismay with the then legislative scheme limiting sentences showed his intent to impose consecutive sentences. Moreover, this court found that Nelson had not raised this argument in his previous appeals. Res judicata bars arguments that could have been raised at trial or in an appeal from the judgment. *Brooks v. Kelly*, 144 Ohio St.3d 322, 2015-Ohio-2805, 43 N.E.3d 385.

{¶ 6} In January 2018, Nelson moved the trial court to vacate his sentence as void, arguing that the trial court imposed concurrent sentences at the sentencing hearing, but ordered consecutive sentences in the sentencing entry. The trial court quickly denied the motion, and Nelson appealed. This court affirmed the denial, reasoning that the record demonstrates that the trial judge intended to impose consecutive sentences by expressing his outrage at the acts perpetrated and pronouncing Nelson as unfit to live in the community. This court further noted that this was the third time Nelson had presented substantially the same argument regarding his sentence and that "Nelson has taxed the limited resources of this court through continuous filing of appeals that are not reasonably grounded in fact or

warranted by existing law." *State v. Nelson*, 8th Dist. Cuyahoga No. 106798, 2018-Ohio-4794, ¶ 8.

{¶ 7} Now, Nelson has resurrected the concurrent—consecutive argument in this writ action, arguing that the trial court lacked jurisdiction to increase his sentence without his presence from concurrent to consecutive. He further argues that because there was a lack of jurisdiction, mandamus may be used as a remedy to correct the void sentence. Nelson continues that it would be a miscarriage of justice to allow the void sentence to stand.

{¶ 8} As the court explained in previous opinions, the trial judge intended and imposed consecutive sentences because of Nelson's egregious actions. Moreover, res judicata and adequate remedy at law also bar this mandamus action. The courts have rejected Nelson's arguments that the inconsistency between the sentencing hearing and the sentencing entry was either a clerical error or a jurisdictional error resulting in a void sentence. Under res judicata Nelson may not relitigate the issue.

{¶ 9} Mandamus will not lie if the relator had an adequate remedy at law. *State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45, 1997-Ohio-245, 676 N.E.2d 108. This argument could have been raised 30 years ago in his initial appeal or in one of the many other proceedings Nelson has initiated in that time.

{¶ 10} Finally, this court declines the state's request to declare Nelson a vexatious litigator at this time. The court is reluctant to impose harsh sanctions on

individuals.  Nevertheless, continued filing of ill-founded complaints or appeals may result in sanctions.

{¶ 11} Accordingly, the court grants the respondent judge's motion to dismiss and dismisses the application for a writ of mandamus.  Relator to pay costs. This court directs the clerk of courts to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 12} Writ dismissed.

_____
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
MICHELLE J. SHEEHAN, J., CONCUR