[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Nelson v. Russo*, Slip Opinion No. 2020-Ohio-1541.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-1541

THE STATE EX REL. NELSON, APPELLANT, *v*. RUSSO, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Nelson v. Russo*, Slip Opinion No. 2020-Ohio-1541.]

*Mandamus—Inmate had adequate remedy at law by way of direct appeal to challenge his consecutive sentences—Court of appeals' dismissal of petition affirmed.*

(No. 2019-1455—Submitted February 11, 2020—Decided April 22, 2020.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 108531, 2019-Ohio-3895.

_____

**Per Curiam.**

{¶ 1} Appellant, Carl A. Nelson Sr., appeals the Eighth District Court of Appeals' judgment dismissing his petition for a writ of mandamus.  Nelson seeks to compel appellee, Cuyahoga County Court of Common Pleas Judge Nancy

Margaret Russo, to vacate the consecutive prison sentences imposed on Nelson in 1987. For the reasons explained below, we affirm.

*Factual Background*

{¶ 2} Nelson was convicted in 1987 of four counts of rape and one count of kidnapping of a teenage girl. Following a sentencing hearing, the common pleas court journalized an entry imposing prison terms of 15 to 25 years for each of the five counts, to be served consecutively. The Eighth District affirmed Nelson's convictions on direct appeal. *State v. Nelson*, 8th Dist. Cuyahoga No. 54791, 1989 Ohio App. LEXIS 908 (Mar. 16, 1989). In his appeal, Nelson did not assign any error related to the imposition of consecutive prison terms. *See id.* Nelson later sought postconviction relief, which was denied. *State v. Nelson*, 8th Dist. Cuyahoga No. 77094, 2000 Ohio App. LEXIS 4279 (Sept. 21, 2000). As in his direct appeal, Nelson did not challenge the consecutive prison terms. *See id.*

{¶ 3} In 2010, Nelson filed in the trial court a motion to amend his sentence under Crim.R. 36, arguing that the sentencing entry imposing consecutive terms contained a clerical error because it was inconsistent with the court's oral pronouncement during the sentencing hearing. The trial court denied his motion, and the court of appeals affirmed. *State v. Nelson*, 8th Dist. Cuyahoga No. 95420, 2010-Ohio-6032. The court of appeals concluded that the sentencing-hearing transcript demonstrated the trial court's intent to impose consecutive sentences. *Id.* at ¶ 14. The court of appeals also determined that Nelson's action was barred by the doctrine of res judicata because he could have raised the alleged sentencing error in his previous appeals. *Id.* at ¶ 12-13.

{¶ 4} Undeterred by the res judicata ruling, Nelson made subsequent challenges to his consecutive sentences. In 2011, Nelson sought a writ of mandamus in the Eighth District to compel Judge Russo to "correct a clerical error" in his sentence. The Eighth District denied the writ, *State ex rel. Nelson v. Russo*, 8th Dist. Cuyahoga No. 96706, 2011-Ohio-3698, and this court affirmed, 131 Ohio

St.3d 51, 2011-Ohio-6552, 960 N.E.2d 448. Then, in 2018, Nelson filed in the trial court a motion to vacate his consecutive sentences as void. The trial court denied Nelson's motion, and the Eighth District affirmed. *State v. Nelson*, 8th Dist. Cuyahoga No. 106798, 2018-Ohio-4794.

{¶ 5} In yet a third challenge to the consecutive sentences, Nelson commenced this case in the Eighth District on May 7, 2019. Nelson seeks a writ of mandamus to compel Judge Russo to vacate his consecutive sentences, arguing that the sentences are void because Nelson was not present at the time that the "increased" aggregate sentence was imposed. Though Nelson acknowledges he was present for the sentencing hearing, he argues that he was not present when the court journalized the sentencing entry imposing consecutive sentences. According to Nelson, the consecutive sentences therefore violate Crim.R. 43(A) and his due-process rights.

{¶ 6} The Eighth District dismissed Nelson's writ action, determining that res judicata barred his claim and that his prior appeals were an adequate remedy at law to address the alleged infirmity in his consecutive sentences. 2019-Ohio-3895, ¶ 8-9. The Eighth District also reiterated its previous ruling that the trial court intended to impose consecutive sentences at Nelson's 1987 sentencing hearing and imposed sentence accordingly. *Id.* at ¶ 8.

{¶ 7} Nelson appealed to this court as of right.

*Analysis*

{¶ 8} To be entitled to a writ of mandamus, Nelson must show a clear legal right to the requested extraordinary relief, a clear legal duty on the part of Judge Russo to provide the relief, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Cowell v. Croce*, 157 Ohio St.3d 103, 2019-Ohio-2844, 131 N.E.3d 934, ¶ 4. This court reviews de novo a lower court's dismissal of a mandamus action. *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8.

**{¶ 9}** In an earlier case, this court affirmed the denial of Nelson's request for a writ of mandamus because (1) Nelson had an adequate remedy at law by way of his direct appeal and (2) res judicata barred him from relitigating sentencing issues he raised or could have raised in his prior appeal. *State ex rel. Nelson*, 131 Ohio St.3d 51, 2011-Ohio-6552, 960 N.E.2d 448, at ¶ 2. The same reasoning applies in this case.

**{¶ 10}** Nelson is reprising his argument that consecutive sentences should not have been imposed, albeit under a different legal theory. Rather than positing that the consecutive sentences were a "clerical error" correctable under Crim.R. 36, Nelson argues this time that Crim.R. 43(A) and due-process principles render his consecutive sentences void. But as a general matter, an extraordinary writ is not the proper remedy for alleged sentencing errors, because a convicted defendant has or had an adequate remedy at law by way of direct appeal. *State ex rel. Ridenour v. O'Connell*, 147 Ohio St.3d 351, 2016-Ohio-7368, 65 N.E.3d 742, ¶ 3. Nelson's challenge to his consecutive sentences falls within this general rule. *Cowell* at ¶ 5.

**{¶ 11}** Moreover, res judicata bars Nelson from litigating alleged sentencing errors that he raised or could have raised on direct appeal. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16-17. Nelson could have raised the arguments asserted in this case in his direct appeal. He failed to do so and cannot use a mandamus action as a substitute for appellate review. *Cowell* at ¶ 6.

**{¶ 12}** Res judicata also bars Nelson from raising claims he could have asserted in his previous mandamus action. *State ex rel. Newell v. Gaul*, 135 Ohio St.3d 187, 2013-Ohio-68, 985 N.E.2d 463, ¶ 2; *see also Hughes v. Calabrese*, 95 Ohio St.3d 334, 2002-Ohio-2217, 767 N.E.2d 725, ¶ 12 ("Res judicata bars the litigation of all claims that either were or might have been litigated in a first lawsuit"). Having already raised claims of sentencing error in his previous

mandamus action, Nelson is barred from asserting additional claims of sentencing error that he could have raised there.

Judgment affirmed.

O'CONNOR, C.J., and FRENCH, FISCHER, DEWINE, and DONNELLY, JJ., concur.

KENNEDY, J., concurs in judgment only.

STEWART, J., not participating.

_____

Carl A. Nelson Sr., pro se.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

_____